Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

David Sochia (TX SBN 00797470)
 (*Pro Hac Vice to be Submitted*)
dsochia@mckoolsmith.com
Ashley N. Moore (TX SBN 24074748)
 (*Pro Hac Vice to be Submitted*)
amoore@mckoolsmith.com
Alexandra F. Easley (TX SBN 24099022)
 (*Pro Hac Vice to be Submitted*)
aeasley@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4044

James E. Quigley (TX SBN 24075810)
 (*Pro Hac Vice to be Submitted*)
jquigley@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Facsimile:  (512) 692-8744

Attorneys for Plaintiff
PALO ALTO RESEARCH CENTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No. 2:20-cv-10753 <br><br> **PALO ALTO RESEARCH CENTER INC.'S NOTICE OF RELATED CASES** <br><br> **[Local Rule 83-1.3.1]** |

I. **INTRODUCTION**

Pursuant to Local Rules 83-1.3.1 and 83-1.4.1, Plaintiff Palo Alto Research Center Inc. ("PARC") provides notice to alert the Court to three related cases that PARC contemporaneously filed in the Central District of California today: *Palo Alto Research Center Inc. v. Facebook, Inc.*, No. 2:20-cv-10753; *Palo Alto Research Center Inc. v. Twitter, Inc.*, No. 2:20-cv-10754; and *Palo Alto Research Center Inc. v. Snap Inc.*, No. 2:20-cv-10755. As described in L.R. 83-1.3.1(a)-(c), each case calls for determinations of substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges.

In the *Facebook* case, PARC accuses Facebook of infringing seven U.S. patents owned by PARC in violation of 35 U.S.C. § 271 *et seq*. Specifically, PARC accuses Facebook of infringing U.S. Patent Nos. 7,043,475, 7,167,871, 8,489,599, 8,606,781, 8,732,584, 9,137,190, and 9,208,439.

In the *Twitter* case, PARC accuses Twitter of infringing six U.S. patents owned by PARC in violation of 35 U.S.C. § 271 *et seq*. Specifically, PARC accuses Twitter of infringing U.S. Patent Nos. 7,043,475, 7,167,871, 8,489,599, 8,606,781, 8,966,362, and 9,208,439.

In the *Snap* case, PARC accuses Snap of infringing three U.S. patents owned by PARC in violation of 35 U.S.C. § 271 *et seq*. Specifically, PARC accuses Snap of infringing U.S. Patent Nos. 8,489,599, 8,966,362, and 9,208,439.

The chart below shows the overlap in asserted patents across the cases.

| **Asserted Patent** | *Facebook* **Case** | *Twitter* **Case** | *Snap* **Case** |
|---|---|---|---|
| 7,043,475 | X | X | |
| 7,167,871 | X | X | |
| 8,489,599 | X | X | X |
| 8,606,781 | X | X | |
| 8,732,584 | X | | |
| 8,966,362 | | X | X |
| 9,137,190 | X | | |

| | | | |
|---|---|---|---|
| 9,208,439 | X | X | X |

## II. THE CASES CALL FOR DETERMINATIONS OF THE SAME OR SUBSTANTIALLY RELATED OR SIMILAR QUESTIONS OF LAW AND FACT

Relevant to L.R. 83-1.3.1(b), the same or substantially similar questions of law are likely arise with respect to at least to: (1) claim construction of one or more terms of the claims of the asserted patents; (2) potential invalidity defenses to be asserted by the defendants; (3) the history of the inventions at PARC; and (4) the valuation of the patented inventions.

Beyond the overlapping asserted patents, other similar questions of law or fact are likely to be present regarding the history of PARC, PARC's innovations, and PARC's business and licensing practices. For example, in all three complaints, PARC provides detailed allegations concerning its history and technological innovation. *See* Dkt. 1 ¶¶ 1-7, 18-21, *Palo Alto Research Center Inc. v. Facebook, Inc.*, No. 2:20-cv-10753; Dkt. 1 ¶¶ 1-7, 18-21, *Palo Alto Research Center Inc. v. Twitter, Inc.*, No. 2:20-cv-10754; and Dkt. 1 ¶¶ 1-7, 18-21, *Palo Alto Research Center Inc. v. Snap Inc.*, No. 2:20-cv-10755.

There is, therefore, a substantial risk of inconsistent rulings related to the overlapping patents by different judges.

## III. A SUBSTANTIAL DUPLICATION OF LABOR WOULD BE REQUIRED IF HEARD BY DIFFERENT JUDGES

Substantial duplication in labor would result if separate judges were required to familiarize themselves with the history and subject matter of each of these patents, PARC's history, PARC's technological innovation, and PARC's business and licensing practices.

## IV. CONCLUSION

Accordingly, because the cases involve the same plaintiff, a substantially

overlapping collection of patents, and the same types of legal claims, these cases are related as defined by the rules of this Court. As such, it would be in the best interests of judicial economy for this case to be transferred to the judge in the first-filed case, *Palo Alto Research Center Inc. v. Facebook, Inc.*, No. 2:20-cv-10753, pursuant to Local Rule 83-1, on the basis that they are related.

DATED: November 25, 2020

Respectfully submitted,

MCKOOL SMITH, P.C.

BY: */s/ Alan P. Block*

ALAN P. BLOCK

ATTORNEYS FOR PLAINTIFF
PALO ALTO RESEARCH CENTER INC.