# EXHIBIT A



Heidi L. Keefe  
T: +1 650 843 5001  
hkeefe@cooley.com

Via Email

January 12, 2021

David Sochia  
dsochia@mckoolsmith.com  
Ashley N. Moore  
amoore@mckoolsmith.com  
Alexandra F. Easley  
aeasley@mckoolsmith.com  
MCKOOL SMITH, P.C.  
300 Crescent Court, Suite 1500  
Dallas, Texas 75201

Alan P. Block  
ablock@mckoolsmith.com  
MCKOOL SMITH HENNIGAN, P.C.  
300 South Grand Avenue, Suite 2900  
Los Angeles, California 90071

James E. Quigley  
jquigley@mckoolsmith.com  
MCKOOL SMITH, P.C.  
300 W. 6th Street, Suite 1700  
Austin, Texas 78701

Re:  *Palo Alto Research Center, Inc. v. Facebook, Inc.,* Case No. 2:20-cv-10753 (CDCA)

Dear Counsel:

We write regarding PARC's complaint against Facebook and to set forth topics Facebook intends to discuss in a meet-and-confer in accordance with Local Rule 7-3 and Facebook's anticipated motion to dismiss under Rule 12(b)(6).

**Section 101 Unpatentability**

The patents that PARC asserts against Facebook are invalid under 35 U.S.C. § 101.  The claims identified in PARC's complaint recite abstract ideas of gathering, analyzing, and displaying information, and contain nothing significantly more that would confer patent eligibility.

As to step one of the *Mayo/Alice* inquiry, it is well-settled that "claims focused on 'collecting information, analyzing it, and displaying certain results of the collection and analysis' are directed to an abstract idea." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (quoting *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016)); *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1344 (Fed. Cir. 2018) ("collecting, analyzing, and displaying . . . information, without more, is an abstract idea.").  The claims in this case fall squarely within the "familiar class of claims that do not focus on an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." *SAP*, 898 F.3d at 1168 (citation and internal quotations and ellipsis omitted); *see also*, *e.g.*, Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC, 874 F.3d 1329, 1337 (Fed. Cir. 2017); *Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1267-68 (Fed. Cir. 2016); *BSG Tech v. Buyseasons*, 899 F.3d 1281, 1287 (Fed. Cir. 2018); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1297 (Fed. Cir. 2020) (citation omitted).



January 12, 2021
Page Two

As to step two of the *Mayo/Alice* inquiry, nothing in the claims recites an "inventive concept" providing "significantly more" than the abstract idea.  *BSG Tech*, 899 F.3d at 1291.  The claims instead invoke "generic computer implementation" with "purely functional" recitations.  *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358-60 (2014); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).  Nor does PARC's complaint allege that any identified claim recites any inventive concept that would allegedly confer patent-eligibility—nor could PARC plausibly raise any such allegation in view of the intrinsic records.

Complaints filed by patent assertion entities like PARC commonly allege that the claimed inventions allegedly improve technology or provide some unconventional patent-eligible advance in an effort to avoid an invalidity judgment on the pleadings.  However, tellingly, PARC's complaint is silent on this issue.

Before bringing a Rule 12 motion to dispose of PARC's claims under § 101, Local Rule 7-3 and Judge Birotte's Standing Order require the parties to conduct a thorough meet and confer. (Dkt. 18 at 4, 5.) Judge Birotte's Standing Order also notes a liberal policy permitting amendments to complaints.  (*Id*. at 5-6.)  PARC and its counsel presumably conducted a Rule 11 investigation before filing suit and concluded that, in their judgment, there was at least some plausible basis to avoid invalidity under § 101, but no such basis is evident in PARC's complaint or in the asserted patents themselves.

Accordingly, please promptly let us know: (1) to the extent PARC believes that any of the claims of the asserted patents are not directed to an abstract idea and provide an improvement to computer functionality or a technological solution to a technological problem, please identify such improvement, solution, problem, and/or basis that the claim is not directed to an abstract idea; (2) to the extent PARC believes that any of the claims of the asserted patents recites an inventive concept sufficient to confer eligibility under § 101, please identify those concepts; (3) to the extent PARC believes that any amendment to include specific factual allegations relating to either step one or step two of the *Mayo/Alice* analysis in its complaint would provide support to avoid dismissal under Rule 12, please identify all such alleged facts; and (4) to the extent PARC contends that any particular claim construction would save any claims from invalidity under § 101, please identify all such claim constructions and explain how PARC believes they affect the § 101 inquiry.

In the meantime, please note that pressing forward with this case without any apparent basis to avoid invalidity under § 101 would raise the specter of an exceptional case under § 285 and Facebook reserves rights to seek relief accordingly.

**Deficient Willfulness and Inducement Allegations**

PARC's complaint alleges that Facebook has willfully infringed and induced infringement of the asserted patents but does not plead facts sufficient to plausibly state a claim for willfulness or inducement.  The complaint does not allege that Facebook had notice of the patents-in-suit prior to the filing of this lawsuit and does not otherwise allege any specific facts sufficient to find egregious misconduct by Facebook or the intent necessary to demonstrate induced infringement with respect to the patents-in-suit.  *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923 (2016); *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011).

To the extent that PARC believes there are specific facts it would allege in an amended complaint to cure these deficiencies in response to a Rule 12(b)(6) motion to dismiss, please let us know those facts, consistent with the Court's local rules and Standing Order regarding meeting and conferring regarding motions and amendments to complaints.

# Cooley

January 12, 2021
Page Three

Please provide PARC's positions on the foregoing issues promptly, and no later than January 19, 2021, so that Facebook can proceed accordingly.

Sincerely,

*/s/ Heidi L. Keefe*

Heidi L. Keefe

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: (650) 843-5000  f: (650) 849-7400  cooley.com