# EXHIBIT E

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/326,457 | 12/02/2008 | Victoria M.E. Bellotti | PARC-20080172-US-NP | 3430 |

35699          7590          03/21/2011
PVF -- PARC
c/o PARK, VAUGHAN, FLEMING & DOWLER LLP
2820 FIFTH STREET
DAVIS, CA 95618-7759

| EXAMINER |
|---|
| VU, BAI D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2165 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/21/2011 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

uspto-incoming@parklegal.com
Office.Action@xerox.com

| ***Office Action Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 12/326,457 | BELLOTTI, VICTORIA M.E. |
| | Examiner | Art Unit | |
| | Bai D. Vu | 2165 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>12 January 2009</u>.
2a)☐ This action is **FINAL**.        2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-28</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-28</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☒ The drawing(s) filed on <u>12 January 2009</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>4/12/10</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 12/326,457                                    Page 2
Art Unit: 2165

## DETAILED ACTION

1.      The instant application having Application No. 12/326,457 filed on 12/2/2008 and

1/12/2009 is presented for examination by the examiner. Claims 1-28 are currently

pending in the application.

### *Oath Declaration*

2.      The applicant's oath/declaration submitted on 1/15/2009 has been reviewed by

the examiner and is found to conform to the requirements prescribed in **37 C.F.R. 1.63**.

### *Drawings*

3.      The applicant's drawings filed on 12/2/2008 are acceptable for examination

purpose.

### *Information Disclosure Statement*

4.      As required by M.P.E.P. 609, the applicant's submissions of the Information

Disclosure Statement dated 4/12/2010 is acknowledged by the examiner and the cited

references have been considered in the examination of the claims now pending

### **Examiner Notes**

5.      With respect to **<u>claim 1</u>** which is method claim. The examiner notes that the

claimed functions must, inherently, require a processor and a memory as taken in view

Application/Control Number: 12/326,457                                    Page 3
Art Unit: 2165

of ¶ 0093 lines 1-2 and Figure 5 in the instant disclosure. Therefore, the method of

claims 1-12 is statutory under 35 U.S.C. § 101.


### Claim Rejections - 35 USC § 112

6.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

7.      **Claim 8** is rejected under 35 U.S.C. 112, second paragraph, as being indefinite

for failing to particularly point out and distinctly claim the subject matter which applicant

regards as the invention.

Claim 8 line 1 recites "can be". The term "can be and may be" signifies system

ability instead of "functional requirement". There is no indication that limitation(s)

following the term "can and may" is/are necessarily a required part of the claimed

invention. Appropriate correction is required.


### Claim Rejections - 35 USC § 101

8.      35 U.S.C. 101 reads as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of
> matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the
> conditions and requirements of this title.

9.      **Claims 21-28** are rejected under 35 U.S.C. §101 because the claimed invention

is directed to non-statutory subject matter.


As per **claim 21** which is apparatus claim. However, it is noted that the use of the

Application/Control Number: 12/326,457                                    Page 4
Art Unit: 2165

term "apparatus" does not inherently mean that the claim is directed towards a machine

or article of manufacture. Each component of the claimed apparatus can be interpreted

as comprising entirely of software *per se* according to one of ordinary skill in the art.

Therefore, the claim languages fail to provide the necessary hardware required for the

claims to fall within the statutory category of a system.

According to MPEP 2106, the claim lacks the necessary physical articles or

objects to constitute a machine or a manufacture within the meaning of 35 U.S.C. §101.

Claims 22-28 are rejected under 35 U.S.C. §101 as non-statutory for at least the reason

stated above. Claims 22-28 are directly or indirectly depended on claims 21; however,

they do not add any feature or subject matter that would solve any of the non-statutory

deficiencies of claim 21.


### *Claim Rejections - 35 USC § 102*

10.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

11.    **Claims 1-28** are rejected under 35 U.S.C. §102(e) as being anticipated by

Schultz et al. (US No. 2009/0265764 A1).

Application/Control Number: 12/326,457                                    Page 17
Art Unit: 2165

As per **claim 28**, Schultz et al. discloses **the apparatus of claim 21, wherein content includes one or more of: audio clip, image, video stream, language lesson, e-mail, weather report, calendar reminder, news feed, rich site summary (RSS) feed, information update from a Web 2.0 application, and Internet blog** as (see e.g., ¶ 0035).

## *Conclusion*

12.     The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Yano          US- 2007/0055657 A1

Mackay        US- 2007/0288247 A1

Morris        US- 7,631,007 B2

Pather et al. US- 7,797,306 B1

## *Contact Information*

13.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Bai D. Vu whose telephone number is 571-270-1751. The examiner can normally be reached on Mon - Fri 8:30 - 5:00 EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Neveen Abel-Jalil can be reached on 571-272-4074.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 12/326,457                                    Page 18
Art Unit: 2165

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for published

applications may be obtained from either Private PAIR or Public PAIR. Status

information for unpublished applications is available through Private PAIR only. For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO

Customer Service Representative or access to the automated information system, call

800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Bai D. Vu/
Examiner, Art Unit 2165
3/14/2011

Application Number  :  12/326,457                    Confirmation Number: 3430
Applicant           :  Victoria M.E. Bellotti
Filed               :  02 December 2008
T.C./A.U.           :  2165
Examiner            :  Vu, Bai D.

Docket Number       :  PARC-20080172-US-NP
Customer No.        :  35,699

Amendment after Non Final Rejection
Via Electronic Filing

# AMENDMENT

Sir:

      In response to the Office Action of **21 March 2011**, please amend the above-identified Application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 11 of this paper.

1

<u>**AMENDMENTS TO THE CLAIMS**</u>

This listing of claims will replace all prior versions, and listings, of claims in the application:

<u>**Listing of Claims:**</u>

1      1.      (Currently Amended) A method for delivering context-based
2    content to a first user, the method comprising:
3            receiving a set of contextual information with respect to the first user;
4            processing the contextual information to determine a context or an activity
5    being performed by the first user; [[and]]
6            determining whether either or both the context and a current activity of the
7    first user satisfy a trigger condition which has been previously defined by the first
8    user or a second user~~; and if so~~:
9            <u>in response to the trigger condition being satisfied,</u> selecting <u>at least one</u>
10   content <u>piece</u> ~~associated with the trigger condition~~ from a content database
11   <u>comprising a plurality of content pieces based on the context and the current</u>
12   <u>activity of</u> ~~to present to~~ the first user<u>, wherein different trigger conditions result in</u>
13   <u>selections of different content pieces associated with different substances</u>; and
14   _____presenting the selected content <u>piece</u> to the first user.

1      2.      (Currently Amended) The method of claim 1, wherein the method
2    further comprises allowing the first user to create <u>a</u> content <u>piece</u> that is
3    associated with a user-defined contextual or activity-driven trigger condition by:
4                    recording the content <u>piece</u> that is provided by the first user;
5                    creating <u>an</u> ~~a content~~ entry in the content database for the recorded
6            content <u>piece</u>, wherein the ~~content~~ entry is associated with one or more
7            trigger conditions; and

2

8          associating one or more trigger conditions for the ~~content~~ entry

9          with a user-defined context; and

10          wherein the method further comprises:

11          continuously comparing <u>previously defined</u> ~~previously-defined~~

12          trigger conditions for the ~~content~~ entry with the ongoing context of the

13          first user and/or user activity; and

14          when one or more trigger conditions are met, retrieving the

15          associated content <u>piece</u> and presenting the retrieved content <u>piece</u> to the

16          first user.


1        3.       (Currently Amended) The method of claim 2, wherein the method

2 further comprises allowing the first user to create <u>a</u> shareable content <u>piece</u> by:

3          recording the <u>sharable</u> content <u>piece</u> that is provided by the first user; and

4          creating a content package for the recorded <u>sharable</u> content <u>piece</u>,

5 wherein the content package includes the recorded <u>sharable</u> content <u>piece</u>, and

6 wherein the content package includes one or more user-defined trigger conditions;

7          wherein the content package allows a recipient of the content package to

8 insert, modify, and/or remove content or trigger conditions from the content

9 package.


1        4.       (Original) The method of claim 1, wherein the method further

2 comprises defining a context by:

3          creating one or more context entries in a context manager; and

4          associating a respective context entry with a set of contextual information.


1        5.       (Currently Amended) The method of claim 4, wherein the method

2 further comprises evolving the presentation of content over time by updating ~~the~~

3 ~~content~~ entries in the content database and updating the context entries in the

4 context manager responsive to actions performed by the first user.

YD Amendment A PARC-20080172-US-NP (non-final OAR)

1  6. (Currently Amended) The method of claim 1, wherein presenting

2 the selected content piece comprises following a number of presentation rules

3 associated with the selected content piece, monitoring actions performed by the

4 first user, and presenting the selected content piece based on the actions

5 performed by the first user.

1  7. (Original) The method of claim 6, wherein the context or activity

2 is defined as a combination of at least a high-level abstraction which corresponds

3 to one or more low-level contextual information values, wherein the low-level

4 contextual information values can correspond to one or more measurable

5 parameters.

1  8. (Currently Amended) The method of claim 6, wherein a respective

2 rule ~~can be~~is defined with one or more high-level abstractions.

1  9. (Original) The method of claim 8, further comprising allowing the

2 first user to share the rules with a second user, wherein the second user can

3 redefine the shared rules based on the second user's low-level contextual and

4 activity parameters.

1  10. (Currently Amended) The method of claim 1, wherein presenting

2 the selected content piece comprises sharing the selected content piece with a

3 remote device.

1  11. (Original) The method of claim 1, wherein the contextual

2 information includes one or more of:  time, date, location, proximity to a system-

3 detectable tag, device orientation, velocity, direction, distance, vibration, altitude,

4

1   temperature, pressure, humidity, sound, luminous intensity, camera image, and

2   video stream.

1      12.    (Currently Amended) The method of claim 1, wherein the content

2   piece includes one or more of: audio clip, image, video stream, language lesson,

3   e-mail, weather report, calendar reminder, news feed, rich site summary (RSS)

4   feed, information update from a Web 2.0 application, and Internet blog.

1      13.    (Currently Amended) A computer-readable storage medium

2   storing instructions that when executed by a computer cause the computer to

3   perform a method for delivering context-based content to a first user, the method

4   comprising:

5       receiving a set of contextual information with respect to the first user;

6       processing the contextual information to determine a context or an activity

7   being performed by the first user; [[and]]

8       determining whether either or both the context and a current activity of the

9   first user satisfy a trigger condition which has been previously defined by the first

10  user or a second user~~; and if so:~~

11      in response to the trigger condition being satisfied, selecting at least one

12  content piece ~~associated with the trigger condition~~ from a content database

13  comprising a plurality of content pieces based on the context and the current

14  activity of ~~to present to~~ the first user, wherein different trigger conditions result in

15  selections of different content pieces associated with different substances; and

16      presenting the selected content piece to the first user.

1      14.    (Currently Amended) The computer-readable storage medium of

2   claim 13, wherein the method further comprises allowing the first user to create a

3   content piece that is associated with the user-defined contextual or activity-driven

4   trigger condition by:

5        recording the content piece that is provided by the first user;

6        creating an ~~content~~ entry in the content database for the recorded

7    content piece, wherein the ~~content~~ entry is associated with one or more

8    trigger conditions; and

9        associating one or more trigger conditions for the ~~content~~ entry

10   with a user-defined context; and

11   wherein the method further comprises:

12        continuously comparing previously defined ~~previously-defined~~

13   trigger conditions for the ~~content~~ entry with the ongoing context of the

14   first user and/or user activity; and

15        when one or more trigger conditions are met, retrieving the

16   associated content piece and presenting the retrieved content piece to the

17   first user.

1      15.    (Currently Amended) The computer-readable storage medium of

2   claim 14, wherein the method further comprises allowing the first user to create a

3   shareable content piece by:

4        recording the sharable content piece that is provided by the first user; and

5        creating a content package for the recorded sharable content piece,

6   wherein the content package includes the recorded sharable content piece, and

7   wherein the content package includes one or more user-defined trigger conditions;

8        wherein the content package allows a recipient of the content package to

9   insert, modify, and/or remove content and/or trigger conditions from the content

10   package.

1      16.    (Original) The computer-readable storage medium of claim 13,

2   wherein the method further comprises defining a context by:

3        creating one or more context entries in a context manager; and

4        associating a respective context entry with a set of contextual information.

1        17.    (Currently Amended) The computer-readable storage medium of

2    claim 16, wherein the method further comprises evolving the presentation of

3    content over time by updating ~~the content~~ entries in the content database and

4    updating the context entries in the context manager responsive to actions

5    performed by the first user.

1        18.    (Currently Amended) The computer-readable storage medium of

2    claim 13, wherein presenting the selected content <u>piece</u> comprises following a

3    number of presentation rules associated with the selected content <u>piece</u>,

4    monitoring actions performed by the first user, and presenting the selected content

5    <u>piece</u> based on the actions performed by the first user.

1        19.    (Original) The computer-readable storage medium of claim 13,

2    wherein the contextual information includes one or more of:  time, date, location,

3    proximity to a system-detectable tag, device orientation, velocity, direction,

4    distance, vibration, altitude, temperature, pressure, humidity, sound, luminous

5    intensity, camera image, and video stream.

1        20.    (Currently Amended) The computer-readable storage medium of

2    claim 13<u>,</u> wherein <u>the</u> content <u>piece</u> includes one or more of: audio clip, image,

3    video stream, language lesson, e-mail, weather report, calendar reminder, news

4    feed, rich site summary (RSS) feed, information update from a Web 2.0

5    application, and Internet blog.

1        21.    (Currently Amended) An apparatus for delivering context-based

2    content to a first user, comprising:

3    <u>      a processor;</u>

YD Amendment A PARC-20080172-US-NP (non-final OAR)

4       an input mechanism configured to receive a set of contextual information

5   with respect to the first user;

6       a content database configured to store a ~~collection of context-~~

7   ~~based~~plurality of content pieces;

8       a content delivery mechanism configured to present content to a first user;

9   and

10      a context manager configured to process the contextual information to

11  determine a context or an activity being performed by the first user, and to

12  determine whether either or both the context and a current activity of the first user

13  satisfy a trigger condition which has been previously defined by the first user or a

14  second user;

15      wherein <u>in response to the trigger condition being satisfied, the content</u>

16  <u>manager is further configured to select at least one content piece associated with</u>

17  <u>the trigger condition from the content based on the context and the current</u>

18  <u>activity of the first user, wherein different trigger conditions result in selections of</u>

19  <u>different content pieces associated with different substances; and</u> ~~if the context or~~

20  ~~current user activity is determined to satisfy a trigger condition,~~

21      ~~the context manager is further configured to select content~~

22  ~~associated with the trigger condition from a content database to present to the first~~

23  ~~user; and~~

24      <u>wherein</u> the content delivery mechanism is further configured to present

25  the selected content piece to the first user.


1       22.    (Currently Amended) The apparatus of claim 21, wherein the

2   apparatus further comprises a content management mechanism configured to

3   allow the first user to create <u>a</u> content <u>piece</u> that is associated with the user-

4   defined contextual or activity-driven trigger condition by:

5       recording the content <u>piece</u> that is provided by the first user;

8

6        creating a~~n~~ ~~content~~ entry in the content database for the recorded content

7   piece, wherein the ~~content~~ entry is associated with one or more trigger conditions;

8        associating one or more trigger conditions for the ~~content~~ entry with a

9   user-defined context;

10       continuously comparing previously-defined ~~previously-defined~~ trigger

11   conditions for the ~~content~~ entry with the ongoing context of the first user and/or

12   user activity; and

13       when one or more trigger conditions are met, retrieving the associated

14   content piece and presenting the retrieved content piece to the first user.

1       23.    (Currently Amended) The apparatus of claim 22, wherein the

2   content management mechanism is further configured to allow the first user to

3   create a shareable content piece by:

4       recording the sharable content piece that is provided by the first user; and

5       creating a content package for the recorded sharable content piece,

6   wherein the content package includes the recorded sharable content piece, and

7   wherein the content package includes one or more user-defined trigger conditions;

8       wherein the content package allows a recipient of the content package to

9   insert, modify, and/or remove content or trigger conditions from the content

10   package.

1       24.    (Original) The apparatus of claim 21, wherein the context manager

2   defines a context by:

3       creating one or more context entries for the context; and

4       associating a respective context entry with a set of contextual information.

1       25.    (Currently Amended) The apparatus of claim 24, wherein the

2   apparatus is further configured to evolve the presentation of content over time by

3   updating ~~the~~ ~~content~~ entries in the content database and updating the user-defined

9

4   context entries in the context manager responsive to actions performed by the first

5   user.

1        26.      (Currently Amended) The apparatus of claim 21, wherein

2   presenting the selected content piece comprises following a number of

3   presentation rules associated with the selected content piece, monitoring actions

4   performed by the first user, and presenting the selected content piece based on the

5   actions performed by the first user.

1        27.      (Original) The apparatus of claim 21, wherein the contextual

2   information includes one or more of:  time, date, location, proximity to a system-

3   detectable tag, device orientation, velocity, direction, distance, vibration, altitude,

4   temperature, pressure, humidity, sound, luminous intensity, camera image, and

5   video stream.

1        28.      (Currently Amended) The apparatus of claim 21, wherein the

2   content piece includes one or more of: audio clip, image, video stream, language

3   lesson, e-mail, weather report, calendar reminder, news feed, rich site summary

4   (RSS) feed, information update from a Web 2.0 application, and Internet blog.

YD Amendment A PARC-20080172-US-NP (non-final OAR)

## REMARKS

In the Official Action mailed on **21 March 2011** (hereinafter "Office Action"), the Examiner reviewed claims 1-28. Examiner rejected claim 8 under 35 U.S.C. § 112. Examiner rejected claims 21-28 under 35 U.S.C. § 101. Examiner rejected claims 1-28 under 35 U.S.C. § 102(e) based on Schultz et al. (U.S. Pub. No. 2009/0265764, hereinafter "Schultz").

### Examiner Interview

Applicant thanks Examiner for the phone interview conducted on 4 May 2011. Applicant proposed amendments to the claims and argued that the cited reference Schultz does not disclose selecting a content piece from a content database comprising a plurality of content pieces based on user context. Examiner agreed that the proposed amendments overcome the cited reference. Accordingly, Applicant has incorporated the proposed amendments into this response.

### Rejections under 35 U.S.C. § 101

Examiner rejected claims 21-28 under 35 U.S.C. § 101. More specifically, Examiner stated that claim 21 lacks the necessary physical articles or objects to constitute a machine. Accordingly, Applicant has amended claim 21 to clarify that the claimed apparatus includes a processor, which is a machine, thus overcoming the non-statutory subject matter claim rejection. These amendments find support in FIG. 5 of the instant application. No new matter has been added.

**Rejections under 35 U.S.C. § 112**

     Examiner rejected claim 8 under 35 U.S.C. § 112 as being indefinite. Accordingly, Applicant has amended claim 8 by replacing the term "can be" with the term "is" to overcome the claim rejection.  No new matter has been added

**Rejections under 35 U.S.C. § 102**

     Examiner rejected claims 1-28 under 35 U.S.C. § 102(e) as being anticipated by Schultz.  Applicant respectfully disagrees because Schultz fails to disclose selecting a content piece from a content database comprising a plurality of content pieces based on user context.

     Embodiments of the present invention provide a content management system that can deliver audio or visual content to a user in response to user activities and environmental factors (see instant application, par. [0026]).  Prior to the operation, a user uploads a plurality of pieces of content into the system and specifies under which conditions a particular piece of content will be delivered (see instant application, pars. [0026], [0055], and [0091]).  During the operation, the system gathers contextual information to determine an inferred context, and uses this context to identify a piece of content to be presented to the user (see instant application, par. [0028]).  The system further determines whether a trigger condition is met, and if so, presents the identified content piece to the user  (see instant application, par. [0090]).  Note that different trigger conditions or user context will result in content with different substances being presented to the user (see instant application, Table 1).

     In contrast, Schultz discloses aggregating context information and allowing the context information to be used by authorized context consumers (see Schultz, the Abstract).  Although Examiner states that Schultz discloses selecting content associated with the trigger condition from a context database (see Office Action, page 5, ll. 11-13), Applicant respectfully points out that, in the cited text, Schultz discloses providing user-requested content using the highest resolution

that is possible based on the user's content (see Schultz, par. [0054]).  Note that in the Schultz system the content is requested by the user, and user context determines the content delivery method.  Schultz does not disclose selecting a piece of content to be presented from a plurality of content pieces based on the user context.

Accordingly, Applicant has amended claims 1, 13, and 21 to clarify that, in embodiments of the present invention, the system selects a piece of content from a content database comprising a plurality of content pieces based on the user context, and a different trigger condition results in a selection of a different content piece associated with a different substance.  These amendments find support in pars. [0055] and [0090]-[0091], and Table 1 of the instant application.  No new matter has been added.

Hence, Applicant respectfully submits that independent claims 1, 13, and 21 as presently amended are in condition for allowance.  Applicant also submits that claims 2-12, which depend upon claim 1; claims 14-20, which depend upon claim 13; and claims 22-28, which depend upon claim 21, are for the same reasons in condition for allowance and for reasons of the unique combinations recited in such claims.

## <u>CONCLUSION</u>

It is submitted that the application is presently in form for allowance. Such action is respectfully requested.

Respectfully submitted,

By     <u>   /Shun Yao/   </u>

Shun Yao
Registration No. 59,242

Date: 26 May 2011

Shun Yao
Park, Vaughan, Fleming & Dowler LLP
2820 Fifth Street
Davis, CA 95618-7759
Tel: (530) 759-1667
Fax: (530) 759-1665
Email: shun@parklegal.com

14