**EXHIBIT E**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)            Date: June 6, 2019

Title: SPEAKWARE, INC. V. MICROSOFT CORPORATION ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER AFFIRMING DECISION AND ORDER BY THE SPECIAL MASTER [56]

Before the Court is the Decision and Order of the Special Master ("Decision and Order") (Dkt. 56), which recommends the denial of Defendant Google LLC's ("Defendant" or "Google") Motion to Dismiss ("Motion") Plaintiff Speakware, Inc.'s ("Speakware") Complaint. *See* Case No. SA-CV-18-1299-DOC-DFMx, *SpeakWare, Inc. v. Google LLC* ("Google Action"), Dkt. 22. The Court heard oral argument on June 3, 2019. Having considered the parties' respective arguments, the Court ADOPTS the Decision and Order of the Special Master, and DENIES Google's Motion to Dismiss the Complaint.

## I. Background

### A. Facts

On July 26, 2018, Plaintiff filed five respective Complaints in the following five actions: *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx); *SpeakWare, Inc. v. Google LLC*, Case No. SA CV 18-1299-DOC (DFMx) ("Google Action"); *SpeakWare, Inc. v. Samsung Electronics Co., Ltd. et al*, Case No. SA CV 18-1300-DOC (DFMx) ("Samsung Action"); *SpeakWare, Inc. v. Apple Inc.*, Case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                                Date: June 6, 2019
                                                                                                         Page 2

No. SA CV 18-1302-DOC (DFMx) ("Apple Action"); *SpeakWare, Inc. v. Amazon.com, Inc.*, Case No. SA CV 18-1303-DOC (DFMx) ("Amazon Action").

     The following facts are taken from Plaintiff SpeakWare, Inc.'s ("SpeakWare" or "Plaintiff") Complaint (Dkt. 1) in the instant action and related actions.[1] Plaintiff SpeakWare is a corporation organized under the laws of the State of California. Compl. ¶ 1. Plaintiff is the owner of U.S. Patent 6,397,186 ("186 Patent") entitled "Hands-Free, Voice-Operated Remote Control Transmitter," which issued on May 28, 2002. *Id.* ¶ 2. The 186 Patent is well-known in the industry and has been cited in 163 issued patents. *Id.*

     Plaintiff alleges that Defendants developed, manufactured, imported, offered for sale, sold, and used voice-activated systems for controlling appliances that infringe the 186 Patent. *Id.* ¶ 4. Specifically, Plaintiff alleges that the infringing products include: Microsoft Windows 10 and Harman Kardon Invoke smart speakers, all of which use Microsoft's voice-activated virtual assistant, Cortana, to control appliances, *see id.* ¶ 4; Google Home, Google Home Mini, Google Home Max, and Google Pixel 2, all of which use Google's voice-activated virtual assistant, Google Assistant, to control appliances, *see* Google Compl. ¶ 4; Galaxy S8 and S8+, Galaxy S9 and S9+ and above, and Galaxy Note 8 and above, all of which use Samsung's voice-activated virtual assistant, Bixby, to control appliances, *see* Samsung Compl. ¶ 4; Apple iPhones (6s or later), iPads (6th generation or later and Pro), and HomePods, all of which use Apple's voice-activated virtual assistant, Siri, to control appliances, *see* Apple Compl. ¶ 4; and Amazon Echo devices, all of which use Amazon's voice-activated virtual assistant, Alexa, to control appliances, *see* Amazon Compl. ¶ 4.

## B. Procedural History

     Plaintiff filed the Complaint on July 26, 2018 ("Complaint") (Dkt. 1). Plaintiff attached the 186 Patent to the Complaint ("186 Patent") (Dkt. 1-1).

     On October 12, 2018, Google filed the instant Motion to Dismiss ("Motion") (Google Action, Dkt. 22). On November 9, 2018, Plaintiff opposed ("Opposition") (Google Action Dkt. 24). On November 20, 2018, Google replied ("Reply") (Google Action, Dkt. 25).

     On December 11, 2018, Plaintiff filed a Motion to Consolidate the aforementioned five cases (Dkt. 23). On January 14, 2019, the Court granted Plaintiff's Motion to

---

[1] Plaintiff's Complaint in *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx) mirrors the Complaints in the remaining four cases, which have since been consolidated with this case. Accordingly, the background as articulated in the Complaint (Dkt. 1) remains applicable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                                           Date: June 6, 2019
                                                                                                                               Page 3

Consolidate on January 14, 2019 (Dkt. 29), consolidated the five cases under the low case number, *SpeakWare, Inc. v. Microsoft Corporation*, Case No. SA CV 18-1293-DOC (DFMx), and appointed Judge Jim L. Smith as Special Master. Additionally, the Court took Microsoft's Motion to Dismiss under submission, and referred Google's Motion to Dismiss to Judge Layn Phillips as Special Master (Dkt. 29).

On March 11, 2019, Special Master Phillips filed a Notice of Decision and Order on Google's Motion to Dismiss, ordering that Google's Motion be denied ("Decision and Order") (Dkt. 56). On April 1, 2019, Google filed its Objections to the Decision and Order by the Special Master ("Objections") (Dkt. 59). On April 29, 2019, Plaintiff filed its response to the Objections ("Objections Response") (Dkt. 60). On May 20, 2019, Google replied ("Objections Reply") (Dkt. 61).

## II.     Legal Standard

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                                                       Date: June 6, 2019
                                                                                                                                              Page 4

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## B. Patent Eligibility, Pursuant to 35 U.S.C. § 101 Motion

An invention or a discovery is patentable if it is a "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. "In choosing such expansive terms . . . Congress plainly contemplated that the patent laws would be given wide scope." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980). Still, the Supreme Court has identified exceptions to this wide scope to "distinguish patents that claim the building blocks of human ingenuity, which are ineligible for patent protection, from those that integrate the building blocks into something more." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2350 (2014) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 89 (2012)) (internal quotations omitted). These exceptions to patent protection are "laws of nature, natural phenomena, and abstract ideas." *Diamond v. Diehr*, 450 U.S. 175, 185 (1981). While the boundaries of the judicial exceptions remain subject to further development, the Supreme Court has clearly delineated the policy underlying those exceptions: avoiding patents that "too broadly preempt the use of a natural law [or abstract idea]." *Mayo*, 132 S. Ct. at 1294. Thus, patent law should "not inhibit further discovery by improperly tying up the future use of laws of nature [or abstract ideas]." *Id*. at 1301.

In *Mayo*, the Supreme Court "set forth a framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. The first step is to ask "whether the claims at issue are directed to one of those patent-ineligible concepts." *Id*. If not, the claims fall within the scope of § 101 and are patent-eligible. If the claims are directed to one of the exceptions, the next step is to search for an "inventive concept" that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the natural law itself." *Mayo*, 566 U.S. at 72–73. In doing so, a court must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (quoting *Mayo*, 566 U.S. at 78–79). If, in considering the claim elements individually and as an ordered combination, they merely recite well-understood, routine, and conventional steps, they will not constitute an inventive concept for patent eligibility purposes. *Aatrix Software, Inc. v. Green Shades*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                        Date: June 6, 2019
                                                                                                 Page 5

*Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). "Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact." *Id.*; *see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368–69 (Fed. Cir. 2018) ("Like indefiniteness, enablement, or obviousness, whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts.").

Like other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12(b)(6) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law. *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

### C. Review of Special Master's Order

Under Federal Rule of Civil Procedure 53, a court may appoint a special master under certain circumstances, after giving the parties notice and an opportunity to be heard. Fed. R. Civ. P. 53. "In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). The court must review *de novo* all findings of fact and conclusions of law made or recommended by a master. Fed. R. Civ. P. 53(f)(3)–(4).

## III. Discussion

### A. Special Master's Decision and Order

Judge Phillips issued his Decision and Order of Special Master on March 11, 2019. Decision and Order of Special Master (Dkt. 56, Ex. A) ("Decision and Order"). At step one of *Alice*, Judge Phillips noted that an abstract idea within the 186 Patent is "a hands-free voice-operated remote control," but that this "does not means the claims are [improperly] directed to that idea." Decision and Order at 10, 12. Phillis consequently stated that the Motion to Dismiss presented a "close call" as to whether the claims of the 186 Patent are directed to an abstract idea. *Id.* at 9, 14. Accordingly, noting the Federal Circuit's precedent, Phillips proceeded to step two of the *Alice* framework to resolve the patentability issue. *Id.* at 14.

At step two, Judge Phillips found that the allegations in the Complaint "preclude a determination of the 'inventive concept' issue in Google's favor." *Id.* at 16. Phillips noted that the principal inventive concept of the claims of the 186 Patent is the circuitry that activates the speech recognition mode solely by voice commands, which allows the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                                                        Date: June 6, 2019
                                                                                          Page 6

system to be "truly hands free." *Id.* at 17. Phillips notes SpeakWare's Complaint alleges that this circuitry feature, combined with other elements of the claim, is unconventional. *Id.* On this basis, Judge Phillips found at step two that the allegations of the Complaint are sufficient to establish the question of fact—regarding whether the technology implementing the idea is conventional—in SpeakWare's favor. *Id.* Phillips thus determined that Google's *Alice* motion should be denied.

## B. Google's Objections and SpeakWare's Response

In Google's Objections, it argues that the 186 Patent is patent ineligible at step one and step two of *Alice*. Objections to Decision and Order by the Special Master ("Objections") (Dkt. 59-1). Google argues that the determinations made by Judge Phillips support a finding that the claims of the 186 Patent are directed to an abstract idea and do not satisfy *Alice* step one. Objections at 2–4. Google also argues the 186 Patent cannot satisfy step two because, even if there is a disputed question of fact as to whether the claims were directed to an inventive concept, the patent is invalid as a matter of law because the purported inventive concept of circuitry does not add "significantly more" to the underlying idea of a hands-free, voice-operated remote control. *Id.* at 5–6. Specifically, Google notes that the claimed invention's use of an ineligible concept to which it is directed cannot supply the inventive concept; thus, Google argues because the inventive concept is a restatement of the abstract idea of a "hands-free, voice-operated remote control" executed with conventional components, it is not patentable. *Id.* at 6.

In SpeakWare's response, it argues that what is alleged to be unconventional is not the performance of an abstract idea on a computer, but instead the "circuitry that activates the speech recognition mode solely by voice commands." Response to Google's Objections ("Response") (Dkt. 60) at 2. Accordingly, SpeakWare argues that the 186 Patent satisfies the inventive concept such that it is patent eligible. *Id.* SpeakWare also argues that the 186 Patent satisfies step one because the claims recite a solution that improves the user interface of appliance control systems. *Id.* at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                             Date: June 6, 2019
                                                                                                             Page 7

### C. The Court's Findings

The Court now turns to Google's Motion to Dismiss, reviewing *de novo* Judge Phillips's findings of fact and conclusions of law. *See* Fed. R. Civ. P. 53.

#### 1. *Alice* Step One

At step one, a claim must not just embody an abstract idea in order to be patent ineligible; instead, the claimed invention must be specifically "directed to" the abstract idea, as "all inventions at some level embody, use, reflect, rest upon or apply. . . abstract ideas." *Mayo*, 566 U.S. at 71. To determine whether claims merely embody, or are impermissibly directed to, an abstract idea, courts examine whether the claims focus on improving upon a technological process (and thus are patent-eligible) or apply an abstract idea using conventional technology (and thus are directed to an impermissible, abstract idea). *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016) (claims are patent eligible as they focus on "an improvement to computer functionality itself"); *BSG Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1288 (Fed. Cir. 2018) (claims were directed to an abstract idea where the claims are "not improvements to database functionality" and instead, the claims "do not recite any improvement to the way in which [] databases store or organize information").

The Federal Circuit has held that, in "cases involving computer-related claims, there may be close calls about how to characterize what the claims are directed to. In such cases, an analysis of whether there are arguably concrete improvements in the recited computer technology could take place under step two." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016). Accordingly, when the step one *Alice* analysis is a close call, courts may proceed to step two of the analysis to determine whether "the specific improvements in the recited computer technology go beyond 'well-understood, conventional activit[ies]' and render the invention patent-eligible." *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016) (quoting *Alice*, 134 S. Ct. at 2359).

       In the instant case, the Court concurs with Judge Phillips's analysis that whether the 186 Patent claims are directed toward an abstract idea is a "close call," and thus proceeds to *Alice* step two. As Phillips noted, an idea involved in the 186 Patent appears to be the abstract concept of a hands-free, voice operated remote control. *See* 186 Patent (Dkt. 1-1) (titled "hands-free, voice operated remote control transmitter; claim one stating that the patent is for an "audio signal activated control system for controlling appliances"). At the same time, it is not clear whether the 186 Patent is "directed to" this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)                                                  Date: June 6, 2019
                                                                                                                                                                                Page 8

abstract idea, as required for patent ineligibility at step one, or instead merely involves the abstract idea. *Enfish*, 822 F.3d at 1335 (distinguishing between eligible patents in which the claims merely involve an abstract concept, and ineligible patents where the claims are directed to such a patent-ineligible abstract concept). Accordingly, the Court finds that whether the 186 Patent is patent eligible at step one is a "close call," and proceeds to the *Alice* analysis at step two. *See Enfish*, 822 F.3d at 1339; *BASCOM*, 827 F.3d at 1348.

### 2. *Alice* Step Two

Under *Alice* step two, the court performs a search for an inventive concept, "*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 573 U.S. at 2355 (quoting *Mayo*, 132 S. Ct. at 1294). In doing so, a court must "consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (internal citations omitted).

In the Complaint, Plaintiff alleges that claim 1 of the 186 Patent recites a technical solution to a technical problem, citing in combination that the claim goes to:

> "an 'audio signal activated control system for controlling appliances' that includes "a microphone for receiving audio signals and converting said audio signals to electrical signals,' 'a speech recognition system for receiving said electrical signals,'" and an "appliance control circuit' that is configured to 'transmit one or more application control signal' to control appliances."

Compl. ¶ 30.

Plaintiff further alleges that the combination of the claimed elements is unconventional, stating:

> "[t]he particular combination of components and requirements [of the '186 Patent] was unconventional, went against conventional wisdom, and, in fact, had never been done before. . . . [E]ven the systems that used speech recognition – which were themselves unconventional – made use of a 'talk switch' and did not rely on properties of electrical signals such as amplitude to switch to speech recognition mode, much less from a low power mode."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 18-1293-DOC (DFMx) | Date: June 6, 2019 |
| | Page 9 |

Compl. ¶¶ 30–31.

Here, SpeakWare has sufficiently alleged that the 186 Patent's claimed elements constitute "significantly more" than a patent based upon an abstract idea. *Alice*, 573 U.S. at 2355. SpeakWare alleges that the circuity, which transmits signals to speech recognition mode by voice commands, in combination with the other elements of the claim, makes the system "truly hands-free" in comparison to previous voice-operated remote-control systems. *See* Compl. ¶ 23 (describing earlier voice-operated remote-control systems as "not truly hands-free" (citing the 186 Patent)); Compl. ¶ 30 (citing claim 1, which includes circuitry that transmits signals to control appliances, in combination with a microphone that receives and converts audio signals and a speech recognition system to receive those signals).

In its Objections, Google argues that the inventive concept cannot as a matter of law be "significantly more" than the abstract idea, because the purported invented concept is simply a restatement of the abstract idea of a "hands-free, voice-operated remote control" executed with conventional component. Objections at 5–7. To the contrary, however, the Court finds that the circuitry cited by SpeakWare is not a restatement of the "hands-free, voice-operated remote control" concept. Instead, the circuitry claimed is the component of the patent that activates the speech recognition mode by voice commands, which is a technical step that, in combination with the rest of the claim, is sufficient to establish the inventive concept inquiry in SpeakWare's favor at the pleading stage. *See* Opp'n (Google Action Dkt. 24) at 24–25 (describing the technical steps that are alleged to be unconventional); Decision and Order at 17 (accepting as true that the combination of the circuitry with that activates the speech recognition mode by voice commands, in combination with the other features, is sufficient). Accordingly, SpeakWare has sufficiently demonstrated an inventive concept at this stage such that the 186 Patent cannot be found patent-ineligible by the Court under the *Alice* step two analysis. As such, the Court ADOPTS the Decision and Order of the Special Master, Judge Phillips, and DENIES Google's Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1293-DOC (DFMx)            Date: June 6, 2019

Page 10

## IV. Disposition

For the aforementioned reasons, after reviewing the findings of fact and conclusions of law *de novo*, the Court ADOPTS the Decision and Order of the Special Master, and DENIES Google's § 101 Motion to Dismiss the Complaint.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk: djl