# EXHIBIT I

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| APPLICANT: | Facebook, Inc. |
| APPLICATION NO.: | **15/007,121** |
| FILING DATE: | January 26, 2016 |
| TITLE: | PRESENTING SUGGESTION CONTENT IN REACTION TO CONTENT GENERATION |
| EXAMINER: | HSIAO, HSIYUE S |
| GROUP ART UNIT: | 2179 |
| CONFIRMATION NO. | 3984 |
| ATTY. DKT. NO.: | 26295-30875/US |

| CERTIFICATE OF EFS-WEB TRANSMISSION ||||
|---|---|---|---|
| I hereby certify that this correspondence is being transmitted via the Office electronic filing system in accordance with 37 C.F.R. § 1.8(a)(i)(C) from the Pacific Time Zone of the United States on the local date shown below ||||
| Signature: | /Gregory A. Hopewell/ |||
| Typed or Printed Name: | Gregory A. Hopewell, Reg. No. 66,012 | Dated: | 07/03/2018 |

## OFFICE ACTION RESPONSE UNDER 37 C.F.R. §1.111

The following is in response to the Office action dated April 3, 2018, which set a shortened statutory period for response that expires on July 3, 2018.

**AMENDMENTS TO THE CLAIMS**

Kindly amend the claims as set forth below.  A current status of each claim also is provided.

1. (Currently Amended)  A method comprising:

   storing, in a social networking system, a plurality of reaction content items <u>related to management of pages in the social networking system</u>;

   receiving<u>, through a content generation interface for a page in the social networking system,</u> [[a]] content [[item]] generated by a user of the social networking system <s>through a content generation interface for a page in the social networking system, the content item being associated with the page</s>;

   <u>generating a user content item based on the received content, the user content item being associated with the page;</u>

   determining <s>identifying</s> that the user of the social networking system is associated with a role for managing the page;

   <u>when the user is associated with the role for managing the page,</u>

   selecting a set of eligible reaction content items from the plurality of reaction content items based on eligibility criteria associated with the plurality of reaction content items, wherein each reaction content item from the plurality of reaction content items provides information relating to management of the page by the user;

   selecting a reaction content item from the set of eligible reaction content items, the reaction content item selected based a measure of relevance of the selected reaction content item to the user;

2

responsive to the user ~~generating~~ <u>providing</u> the content ~~item~~, presenting the selected reaction content item to the user, the selected reaction content item being displayed with an interaction interface, wherein the selected reaction content item is presented to the user on a reaction interface <u>immediately</u> consecutive to the content generation interface; and

receiving, from the user, an interaction with the selected reaction content item through the interaction interface presented with the selected reaction content item.

2. (Original)  The method of claim 1, further comprising:

responsive to receiving the interaction with the selected reaction content item, presenting to the user content related to the selected reaction content item.

3. (Currently Amended)  The method of claim 1, wherein the measure of relevance describes the likelihood that the user would be interested viewing the content ~~item~~, and is determined based on one or more characteristics associated with the user, the page, and the <u>user</u> content ~~item~~.

4. (Currently Amended)  The method of claim 1, wherein the eligibility criteria describe characteristics of users, pages and advertisements make a reaction content item eligible to be shown, and are based on at least one of the user, the page, and the <u>user</u> content ~~item~~.

5. (Original)  The method of claim 1, wherein the selected reaction content item is pre-generated by the social networking system.

3

6.    (Currently Amended)  The method of claim 1, wherein the selected reaction content item is modified to include personalized information relating to the page, <u>user</u> content ~~item~~, or user.

7.    (Original)  The method of claim 1, wherein the measure of relevance of the selected reaction content item must exceed a threshold to be selected.

8.    (Original)  The method of claim 1, wherein the reaction content item is selected by ranking the set of eligible reaction content items based on a measure of relevance of each reaction content item.

9.    (Original)  The method of claim 1, wherein the selected reaction content item contains information about a new feature of the social networking system, analytical information about the page, or advice about how to improve the page.

10.    (Original)  The method of claim 1, wherein each reaction content item is associated with a type, and no more than one reaction content item for each type is selected from the set of eligible reaction content items.

11.    (Original)  The method of claim 1, wherein the eligibility criteria include whether the user has hidden a reaction content item in the past.

12.    (Original)  The method of claim 1, wherein the received interaction comprises a user selection to hide the selected reaction content item.

13. (Currently Amended) A computer program product comprising a non-transitory computer-readable storage medium having instructions encoded thereon that, when executed by a processor, cause the processor to:

store, in a social networking system, a plurality of reaction content items <u>related to management of pages in the social networking system</u>;

receive<u>, through a content generation interface for a page in the social networking syste,</u> [[a]] content [[item]] generated by a user of the social networking system ~~through a content generation interface for a page in the social networking system, the content item being associated with the page~~;

<u>generate a user content item based on the received content being associated with the page;</u>

determine ~~identify~~ that the user of the social networking system is associated with a role for managing the page;

<u>when the user is associated with the role for managing the page,</u>

select a set of eligible reaction content items from the plurality of reaction content items based on eligibility criteria associated with the plurality of reaction content items, wherein each reaction content item from the plurality of reaction content items provides information relating to management of the page by the user;

select a reaction content item from the set of eligible reaction content items, the reaction content item selected based a measure of relevance of the selected reaction content item to the user;

5

responsive to the user ~~generating~~ <u>providing</u> the content ~~item~~, present the selected reaction content item to the user, the selected reaction content item being displayed with an interaction interface, wherein the selected reaction content item is presented to the user on a reaction interface consecutive to the content generation interface; and

receive, from the user, an interaction with the selected reaction content item through the interaction interface presented with the selected reaction content item.

14. (Currently Amended)  The computer program product of claim 13, wherein the measure of relevance is determined based on one or more characteristics associated with the user, the page, and the <u>user</u> content ~~item~~.

15. (Original)  The computer program product of claim 13, wherein the selected reaction content item are pre-generated by the social networking system.

16. (Original)  The computer program product of claim 13, wherein the selected reaction content item is modified to include information relating to the page.

17. (Original)  The computer program product of claim 13, wherein the selected reaction content item contains information about a new feature of the social networking system, analytical information about the page, or advice about how to improve the page.

18. (Original)  The computer program product of claim 13, wherein the eligibility criteria include whether the user has hidden a reaction content item in the past.

19. (Original) The computer program product of claim 13, wherein each reaction content item is associated with a type, and no more than one reaction content item for each type is selected from the set of eligible reaction content items.

20. (Original) The computer program product of claim 13, wherein the received interaction comprises a user selection to hide the selected reaction content item.

**REMARKS**

Claims 1-20 were presented for examination and were pending in this application. In the latest Office Action, claims 1-20 were rejected. Support for the amendments may be found at least, ¶¶ [0005], [0007], and [0029] – [0032]. On the basis of the following remarks, consideration of this application and allowance of all pending claims are requested.

**Summary of Substance of Interview**

Applicant's representatives Gregory A. Hopewell (Reg. No. 66,012) and Akshay Avantsa conducted a telephonic interview with Examiner Hsiao and Examiner Tran on June 13, 2018. During the interview, parties discussed the details of the rejections under §§ 103 and 101. Regarding the § 103 rejection, while no specific agreement was reached, the claims are amended to more clearly recite the distinctive features discussed during the interview. Regarding the § 101 rejection, no specific agreement was reached.

**Response to Rejection Under 35 USC § 101**

Claims 1-20 are rejected under 35 U.S.C. 101 as directed to a judicial exception (i.e., a law of nature, a natural phenomenon, or an abstract idea) without significantly more. This rejection is respectfully traversed.

The claims are not directed to an abstract idea. The Office Action characterizes the claims as "directed to 'collecting information, analyzing it, and display certain results of the collection.'" Office Action, p. 2. However, as discussed during the interview, the claims do not recite a method for collecting information, analyzing it, and display certain results of the collection, but rather for generating a user interface comprising a reaction content item to

8

improve a user's management of a page within the online system. Reaction content items provide feedback to a user regarding the management of a page within the online system based on content previously presented by the user. After a user generates a user content item to be presented on a page in which the user is an administrator, the online system generates an appropriate reaction content item including instructions for optimizing the management of the page by the user. As a result, an interface including reaction content items is presented for a user to interact with after the online system receives a user generated content item.

Specifically, "In some embodiments, the user interface server 150 **presents reaction content items to the user on a reaction interface consecutive to a posting interface for posting content items**. In some embodiments, the user interface includes an interaction interface for each reaction content item, allowing the user to interact with the reaction content item. In some embodiments, the interaction interface allows the user to view content related to the reaction content item." As-filed Specification, ¶ [0039]. The online system further tailors the interface comprising reaction content items to be specific to a specific role associated with the user. For example, the user interface may present a reaction interface to a user with a role associated with the page if the user has not posted to the page recently or if the user is viewing a content item that would be relevant to the page." As-filed Specification, ¶ [0040].

In *Core Wireless v. LG.*, the US Federal Circuit held improvements in a user interface to be patent eligible subject matter. More specifically, the patent eligible claims in *Core Wireless* were directed to "an improved user interface for computing devices… these claims are directed to a particular manner of summarizing and presenting information on electronic devices." *Core Wireless. v. LG*, 2016-2684, p. 9. In affirming the patent eligibility of the claims, *Core Wireless* confirmed that improvements to user interfaces are patent-eligible, explaining that "these claims

9

recite a specific improvement over prior systems, resulting in an improved user interface for electronic devices." *Id.*

The technical problem and benefit achieved by the claims of this case are analogous to those in *Core Wireless*. In particular, the present specification explains:

> Conventionally, online systems, such as social networking systems, incorporate the useful information in with other content being presented to the user. For example, a social networking system may incorporate the information into the user's newsfeed, on the sides of pages the user is viewing, or may provide a notification to the user. However, users may not notice information presented on different portions of the page when the information is competing with other content.

Specification, ¶ [0003]. Consistent with the *Core Wireless* ruling, the amended claims recite a user interface improved by presenting reaction content items that is independent of a second user interface presenting content generated by the user of the online system. By separating the presentation of user generated content and reaction content items into two separate user interfaces presented consecutive to each other, a user of online system is able to more clearly notice reaction content information presented on different portions of the page. Consistent with the *Core Wireless* ruling, the amended claims recite a user interface improved by the addition of contextually relevant information based on location data and by allowing users to access the location data without leaving the advertisement and improving their motivation to seek out the physical location.

## Response to Rejections Under 35 USC § 103(a)

Claims 1-7, 9, and 13-17 are rejected under 35 U.S.C. 103 as being unpatentable over Bush et al. (hereinafter Bush) (US 2014/0157145 A1) in view of Sinha (US 2012/0016948 A1).

As discussed during the interview, the claimed invention describes a method for providing reaction content items containing information regarding management of a page within the social networking system. "For example, a reaction content item could provide a tip to the

10

user, alert the user to new features they could use, or contain analytical information about the page." As-filed Specification, ¶ [0005]. To further clarify this point, claim 1 has been amended to recite "storing, in a social networking system, a plurality of reaction content **items related to management of pages in the social networking system**."

Additionally, reaction content items are presented to a subset of users within the social networking system whom are associated with management responsibilities for a page, for example an administrator. Accordingly, a reaction content item is associated with a set of eligibility criteria based on the user or reaction content items previously presented to the user and after determining that a user is eligible to receive a reaction content item is the reaction content item presented to the user. As-filed Specification, ¶ [0032]. Accordingly, claim 1 has been amended to recite "**determining** that the user of the social networking system is associated with a role for managing the page."

As will be described further below, reaction content items refer to content items presented to a user in response to an initial post by the same user. For example, an administrator for a page may provide content describing a promotion on a product to a content generation interface which generates a user content item describing the promotion. Responsive to the provision of content from the user to the content generation interface, the online system selects a reaction content item that may describe how to draw more attention from other users of the online system. *See* As-filed Specification, ¶¶ [0041] – [0045]. To clarify the distinction and timeline between user content items generated based on content provided by the user and reaction content items providing management feedback, claim 1 has been amended to recite "**receiving, through a content generation interface for a page in the social networking system, content generated by a user** of the social networking system," "**generating a user

11

**content item based on the received content**…," and "**responsive to the user providing the content item, presenting the selected reaction content item** to the user."

Bush discloses "a social networking system that can generate or utilize a social menu in a social networking page." Bush, Abstract. As discussed during the interview, the "social menu" of Bush is not analogous to the claimed reaction content items. As claimed, reaction content items are presented to a user *in response* to a user generating a post ("a user content item"), whereas the social menus of Bush are presented to a user *during* the generation of post in order to augment the post. Additionally, reaction content items may be presented to a user "based on a particular role of the viewing user for a page" (e.g., an administrator). *See* Bush, ¶ [0032]. Comparatively, content of Bush's social menus are presented in response to querying the user account. *See* Bush, ¶¶ [0082] – [0085]. Accordingly, Bush does not teach "storing, in a social networking system, a plurality of reaction content items related to management of pages in the social networking system," "receiving, through a content generation interface for a page in the social networking system, content generated by a user of the social networking system," "determining that the user of the social networking system is associated with a role for manage the page," and "responsive to the user providing the content item, presenting the selected reaction content item to the user."

Sinha discloses methods for detecting events by "analyzing multiple messages which were retrieved from the social media networking and converted into work items." Sinha, Abstract. The event detection and reaction module 212 detects "the occurrence of an event by analyzing messages received from various different information sources" and "Once the response(s) have been determined and generated, the response(s) are delivered to one or more persons or parties known to be affected by the event…" Sinha, ¶¶ [0058], [0079]. However, the

12

responses described in Sinha are not analogous to the claimed reaction content items. Additionally, when the online system detects a work item describing an event, the online system distributes the resulting responses to different users within the online system. The responses in Sinha describe a physical event occurring outside of the online system, rather than managerial information related to a page administrator. Accordingly, Sinha does not disclose "storing, in a social networking system, a plurality of reaction content items related to management of pages in the social networking system," "determining that the user of the social networking system is associated with a role for managing the page," and "responsive to the user providing the content item, presenting the selected reaction content item to the user."

Independent claim 13 incorporates the amendments and substance as argued in reference to claim 1 and therefore is allowable for the same reasons as independent claim 1. Therefore, the rejection should be reconsidered and withdrawn.

Claim 8 is rejected under 35 U.S.C. 103 as being unpatentable over Bush-Sinha as applied in Claim 1 and further in view of Juan (hereinafter Juan)(US 2012/0166532 A1). This rejection is respectfully traversed. As claimed, claim 8 is dependent from independent claim 1, the arguments presented above are also applicable to the dependent claims. Hence reconsideration and withdrawal of the rejection of the dependent claim is respectfully requested.

Claims 10 and 19 are rejected under 35 U.S.C. 103 as being unpatentable over Bush-Sinha as applied in Claim 1 and further in view of Bilinski (hereinafter Bilinski)(US 2015/0153399 A1). This rejection is respectfully traversed. As claimed, claims 10 and 19 are dependent from independent claims 1 and 13, the arguments presented above are also applicable to the dependent claims. Hence reconsideration and withdrawal of the rejection of the dependent claims is respectfully requested.

13

Claims 11-12, 18, and 20 are rejected under 35 U.S.C. 103 as being unpatentable over Bush-Sinha as applied in Claim 1 and further in view of Kabiljo (hereinafter Kabiljo)(US 2014/0156566 A1). This rejection is respectfully traversed. As claimed, claims 11-12, 18, and 20 are dependent from independent claims 1 and 13, the arguments presented above are also applicable to the dependent claims. Hence reconsideration and withdrawal of the rejection of the dependent claim is respectfully requested.

For at least these reasons described above, claims 1-20 are patentably distinguishable over the cited references. Therefore, the rejection should be reconsidered and withdrawn.

## Conclusion

In sum, Applicant respectfully submits that all claims now pending are patentable, for at least the reasons set forth above. Hence, Applicant respectfully requests allowance of all pending claims.

If the examiner believes for any reason that direct contact with Applicant's representative would help advance the prosecution of this case, the examiner is invited to telephone the undersigned at the number given below.

Respectfully submitted,

Dated: _____07/03/2018_____   _____/Gregory A. Hopewell/_____

Gregory A. Hopewell
Reg. No. 66,012
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Phone: (650) 335-7860
Fax:    (650) 938-5200