# EXHIBIT J

| | |
|---|---|
| ATTORNEY DOCKET<br>079894.2820 | PATENT APPLICATION<br>14/923,330 |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First-Named Inventor: | Florin RATIU |
| Application No.: | 14/923,330 |
| Application Filed: | 26 October 2015 |
| Art Unit: | 2166 |
| Confirmation No.: | 3188 |
| Examiner: | Tony WU |
| Application Title: | *Notification Targeting* |

## Submission Under 37 C.F.R. § 1.114

In response to the second overall and first Final Office Action, dated 07 January 2019, Applicant respectfully requests the Examiner to reconsider this Application in view of the Request for Continued Examination (RCE) filed herewith and the following:

**Amendments to the Claims**, which begin on page 2; and

**Remarks**, which begin on page 7.

**The Claims**

1. (Currently Amended)  A method comprising:

by a computing device of a social networking system, receiving a plurality of push notifications of activity on the social-networking system relevant to a user, wherein each push notification has an associated type that is based on activity on the social-networking system;

by the computing device, accessing, from a data store of the social-networking system, previous interactions of the user to notifications having a respective type that is the same as the type associated with the received push notifications;

by the computing device, calculating an interest of each of the associated types of received notifications for the user based at least in part on the previous interactions of the user with the associated type of each received push notification, times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications;

by the computing device, ranking the received push notifications based at least in part on the calculated interest notification;

by the computing device, determining a push threshold ranking that a notification in the received corresponding to a number of push notifications requires to satisfy in order to be sent to for the user at a given time period; and

by the computing device, sending one or more of the push notifications to the user at the given time period, wherein each of the sent push notifications has a ranking higher than the push threshold ranking, and wherein each of the sent push notifications is sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period based on the previous interactions of the user.

2. (Canceled)

3. (Previously Presented)  The method of Claim 1, wherein the previous interactions of the user comprises a click-through rate (CTR) of previous push notifications of a same type as the received push notifications.

4. (Previously Presented)  The method of Claim 1, wherein the previous interactions of the user comprises a delivery pattern of the user, and wherein a time that the push notifications are sent is based at least in part on the delivery pattern.

5. (Previously Presented)  The method of Claim 1, wherein the calculated interest is further based on one or more features of each type of push notification.

6. (Original)  The method of Claim 5, wherein the features comprise a number of likes, comments, or re-shares associated with the activity.

7. (Original)  The method of Claim 1, wherein the user is represented by a first user node in a social graph associated with a social-networking system, wherein the activity is associated with another user, wherein the other user is represented by a second user node, and wherein the calculated interest is further based on an affinity between the first and second user nodes.

8. (Previously Presented)  The method of Claim 1, wherein the sending of the one or more push notifications comprises sending the push notifications in accordance to a delivery policy, wherein the delivery policy comprises:
   whether to send the push notifications to the user;
   when to send the push notifications to the user;
   identification of an endpoint associated with the user to send the push notifications; or
   identification of a communication media to send the push notifications to the user in.

9. (Original)  The method of Claim 8, wherein the calculated interest is further based on the identified endpoint.

10. (Canceled)

11. (Original)  The method of Claim 8, wherein the communication endpoints comprise a particular client device, e-mail address, or phone number of the user.

12. (Currently Amended)  The method of Claim [[8]]<u>1</u>, wherein the <u>one or more</u> communication media<u> channels</u> comprise a short-messaging service (SMS) message, multimedia-messaging service (MMS) message, incoming call notification, or e-mail message.

13. (Previously Presented)  The method of Claim 1, wherein the push threshold ranking is based at least in part on the associated type of each received notification.

14. (Previously Presented)  The method of Claim 1, wherein the push notifications are sent in accordance with privacy settings of the user.

15. (Previously Presented)  The method of Claim 1, further comprising storing the received push notifications in a queue prior to the sending of the push notifications.

16. (Previously Presented)  The method of Claim 1, wherein the types of push notifications comprise posts, people you may know (PYMK), trending topic, or advertisement.

17. (Original)  The method of Claim 16, wherein the calculated interest is based on a PYMK score.

18. (Previously Presented)  The method of Claim 1, wherein one or more of the received push notifications is associated with a third-party system.

19. (Currently Amended)  One or more computer-readable non-transitory storage media embodying software configured when executed to:

receive a plurality of push notifications of activity on a social-networking system relevant to a user, wherein each push notification has an associated type that is based on activity on the social-networking system;

access, from a data store of the social-networking system, previous interactions of the user to notifications having a respective type that is the same as the type associated with the received push notifications;

calculate an interest of each of the associated types of received notifications for the user based at least in part on the previous interactions of the user with the associated type of each received push notification, times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications;

rank the received push notifications based at least in part on the calculated interest notification;

determine a push threshold ranking that a notification in the received corresponding to a number of push notifications requires to satisfy in order to be sent to for the user at a given time period; and

send one or more of the push notifications to the user at the given time period, wherein each of the sent push notifications has a ranking higher than the push threshold ranking, and wherein each of the sent push notifications is sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period based on the previous interactions of the user.


20. (Currently Amended)  A device comprising:

one or more processors; and

one or more computer-readable non-transitory storage media coupled to the processors and embodying software configured when executed to:

Case 2:20-cv-10753-AB-MRW   Document 36-11   Filed 02/26/21   Page 7 of 15   Page ID #:559

ATTORNEY DOCKET  
079894.2820

PATENT APPLICATION  
14/923,330

6 of 14

receive a plurality of push notifications of activity on a social-networking system relevant to a user, wherein each push notification has an associated type that is based on activity on the social-networking system;

access, from a data store of the social-networking system, previous interactions of the user to notifications having a respective type that is the same as the type associated with the received push notifications;

calculate an interest of each of the associated types of received notifications for the user based at least in part on the previous interactions of the user with the associated type of each received push notification<ins>, times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications</ins>;

rank the received push notifications based at least in part on the calculated interest notification;

determine a push threshold ranking<ins> that a notification in the received</ins> <del>corresponding to a number of</del> push notifications<ins> requires to satisfy in order to be sent to</ins> <del>for</del> the user at a given time period; and

send one or more of the push notifications to the user at the given time period, wherein each of the sent push notifications has a ranking higher than the push threshold ranking<ins>, and wherein each of the sent push notifications is sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period based on the previous interactions of the user</ins>.

# REMARKS

Claims 1 and 3-20 were presented for examination and were pending in this application.

To expedite allowance of this Application, Applicant has amended Claims 1, 12, 19, and 20, and canceled Claim 10. No new matter has been added by the amendments to the claims. Applicant respectfully requests the Examiner to allow this Application.

## STATEMENT OF SUBSTANCE OF INTERVIEW

Bradley Williams, Reg. No. 40,227 and Raghav Aggarwal had a telephonic interview on 19 March 2019 with the Examiner regarding the allowability of the claims over the cited art. The general thrust of the principal arguments presented to the Examiner was that the proposed *Thyagaraja-Mello-Tseng* combination does not disclose all the features of independent Claim 1. The Examiner agreed that the proposed claim amendments overcomes the currently cited art, but indicated that an additional search and consideration would be needed. Applicant also argued that Claim 1 is patentable subject matter. The Examiner indicated that in light of the recent guidelines and the proposed claim amendments, the 101 rejection may be withdrawn.

## CLAIM REJECTIONS - 35 U.S.C. § 101

*Claims 1, 3-9, and 11-20 recite patentable subject matter*

The Examiner rejects Claims 1, 3-9, and 11-20 under 35 U.S.C. § 101 as allegedly being directed to non-statutory subject matter. In particular, the Examiner asserts

> "Claim 1 recites receiving…accessing…calculating…ranking…determining…and sending…These steps describe collecting user activity to push notifications, calculating an interest for the push notifications, ranking the notifications and sending them to the user which correspond to concepts identified as abstract ideas by the courts, such as collecting information, analyzing it, and displaying certain results of the collection and analysis, such as in *Electric Power Group* (See Electric Power Group, LLC, v. Alstom 830 F.3d 1350, 119 U.S.P.Q.2d 1739 (Fed. Cir. 2016))." (Office Action at 3-4.)

Applicant respectfully disagrees with the Examiner.

As the Supreme Court held in *Alice Corp. v. CLS Bank Int'l*, to distinguish patents that

Active 39937314.1

claim abstract ideas from those that claim patent-eligible applications of such concepts, it must first be determined whether the claims at issue are directed to an abstract idea. 134 S. Ct. 2347, 2350 (2014). If the claims at issue are directed to an abstract idea, then it must be determined whether they contain an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application. *Id.* at 2357. The application of this two-part test for analyzing claims potentially directed to abstract ideas was set forth in the Examination Guidance issued by the USPTO and published in the Federal Register on January 7, 2019. 2019 Revised Patent Subject Matter Eligibility Guidance 84 Fed. Reg. 4, 50 (January 7, 2019) (hereinafter "2019 Memorandum").

With respect to determining whether a claim is directed to patentable subject matter, an Examiner must first determine, at modified Step 2A, Prong 1, whether the claim recites a judicial exception—i.e., law of nature, natural phenomena, or abstract idea. 2019 Memorandum, at 51. The 2019 Memorandum identifies three groups of abstract ideas: (1) mathematical concepts; (2) certain methods of organizing human activity; and (3) mental processes. 2019 Memorandum, at 52. If the claims do not recite a judicial exception, the claims are directed to patentable subject matter.

If the Examiner concludes the claims recite a judicial exception, the Examiner must then consider, at modified Step 2A, Prong 2, "whether a recited judicial exception is integrated into a practical application. Only when a claim recites a judicial exception and fails to integrate the exception into a practical application, is the claim 'directed to' a judicial exception, thereby triggering the need for further analysis pursuant to the second step of the *Alice/Mayo* test (USPTO Step 2B)." 2019 Memorandum, at 51. The Examiner must "(a) identify whether there are any additional elements recited in the claim beyond the judicial exception(s); and (b) evaluate those additional elements individually and in combination to determine whether they integrate the exception into a practical application." 2019 Memorandum, at 54-55.

Applicant respectfully submits that Claims 1, 3-9, and 11-20 are not directed to an abstract idea. Claims 1, 3-9, and 11-20 are directed to calculating an interest of each of the received notifications for the user based on previous user interaction history, times at which previous notifications were sent to the user, and communication media channels that the user

used to interact with the previous notifications; ranking the received notifications based on the calculated interest notification; determining a push threshold ranking that the notifications require to satisfy in order to be sent to the user at a given time period; and sending one or more notifications to the user at the given time period through particular media channels according to their ranking. This is not an abstract idea as defined in the 2019 Memorandum. It is not by itself a mathematical concept, method of organizing human activity, or mental process. Indeed, the Examiner merely alleges the claims are directed to collecting information, analyzing it, and displaying certain results of the collection and analysis, not one of the enumerated abstract ideas set forth in the 2019 Memorandum. (Office Action at 4.) At most, Claims 1, 3-9, and 11-20 merely *involve*, and only in part, what could be argued to be an abstract concept, which is insufficient to render an invention patent ineligible. At some level, all inventions, including those that are patent eligible, embody, use, reflect, rest on, or apply abstract ideas. *Alice Corp.*, 134 S. Ct. at 2354 (citing *Mayo v. Prometheus*, 566 U.S. ___, ___ (2012)). Accordingly, Claims 1, 3-9, and 11-20 are not directed to an abstract idea and as such the claims are directed to patentable subject matter under modified Step 2A, Prong 1. 2019 Memorandum.

Moreover, even assuming for the sake of argument that Claims 1, 3-9, and 11-20 were directed to an abstract idea, Claims 1, 3-9, and 11-20 integrate the alleged abstract idea into a practical application. For example, independent Claim 1 recites calculating an interest of each of the received notifications for the user based on previous user interaction history, times at which previous notifications were sent to the user, and communication media channels that the user used to interact with the previous notifications; ranking the received notifications based on the calculated interest notification; determining a push threshold ranking that the notifications require to satisfy in order to be sent to the user at a given time period; and sending one or more notifications to the user at the given time period through particular media channels according to their ranking. Particularly, Claim 1 recites a method including, among other things, "receiving a plurality of push notifications of activity on the social-networking system relevant to a user, wherein each push notification has an associated type that is based on activity on the social-networking system; accessing, from a data store of the social-networking system, previous interactions of the user to notifications having a respective type that is the same as the type

associated with the received push notifications; calculating an interest of each of the associated types of received notifications for the user based at least in part on the previous interactions of the user with the associated type of each received push notification, times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications; ranking the received push notifications based at least in part on the calculated interest notification; determining a push threshold ranking that a notification in the received push notifications requires to satisfy in order to be sent to the user at a given time period; and sending one or more of the push notifications to the user at the given time period, wherein each of the sent push notifications has a ranking higher than the push threshold ranking, and wherein each of the sent push notifications is sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period based on the previous interactions of the user." Independent Claims 19 and 20 recite similar features. For at least these reasons, Claims 1, 3-9, and 11-20 integrate the claims into a practical application.

Applicant respectfully requests the Examiner to withdraw this rejection and allow all pending claims.

**CLAIM REJECTIONS - 35 U.S.C. § 103(a)**

*Claims 1, 3-8, 11-14, and 18-20 are Allowable over the Proposed Thyagaraja-Mello-Tseng Combination*

The Examiner rejects Claims 1, 3-8, 11-14, and 18-20 under 35 U.S.C. § 103(a) as being unpatentable over U.S. Patent Application Publication No. 2014/0129661 ("*Thyagaraja*") in view of U.S. Patent No. 8,439,759 ("*Mello*") and in further view of U.S. Patent Application Publication No. 2013/0325966 ("*Tseng*"). Applicant respectfully disagrees with the Examiner.

*Thyagaraja* merely discloses identifying one or more notifications from a plurality of notification sources (e.g., websites). An importance score is generated for each of the one or more identified notifications based on a characteristic of a user's interactions with the client device. The importance score determines an order of display and duration for each notification. *See, e.g., Thyagaraja*, Abstract.

*Mello* merely discloses providing a centralized and/or coordinated distribution of notifications for a plurality of different virtual game spaces. The notifications may provide an indication of events that have occurred in the virtual game spaces, offers of virtual goods, and/or other information related to the virtual game spaces. The notifications may be sent, for example, via email, text message, instant message, and/or through other external communication media. *See*, *e.g.*, *Mello*, Abstract.

*Tseng* merely discloses a social networking system providing relevant third-party content objects to users by matching user location, interests, and other social information with the content, location, and timing associated with the content objects. Content objects are provided based on relevance scores, which may be calculated based on the user's previous interactions with content object notifications, or based on interests that are common between the user and his or her connections in the social network. The system can provide notifications that are relevant to user's interests and current circumstances, increasing the likelihood that they will find content objects of interest. *See*, *e.g.*, *Tseng*, Abstract.

In contrast, amended independent Claim 1 of this Application recites:

1. A method comprising:
    by a computing device of a social networking system, receiving a plurality of push notifications of activity on the social-networking system relevant to a user, wherein each push notification has an associated type that is based on activity on the social-networking system;
    by the computing device, accessing, from a data store of the social-networking system, previous interactions of the user to notifications having a respective type that is the same as the type associated with the received push notifications;
    by the computing device, calculating an interest of each of the associated types of received notifications for the user based at least in part on the previous interactions of the user with the associated type of each received push notification, times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications;
    by the computing device, ranking the received push notifications based at least in part on the calculated interest notification;
    by the computing device, determining a push threshold ranking that a notification in the received push notifications requires to satisfy in order to be sent to the user at a given time period; and
    by the computing device, sending one or more of the push notifications to the user at the given time period, wherein each of the sent push notifications has a ranking higher

than the push threshold ranking, and wherein each of the sent push notifications is sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period based on the previous interactions of the user.

Independent Claims 19 and 20 recite similar elements.

The proposed *Thyagaraja-Mello-Tseng* combination fails to disclose, teach, or suggest all the limitations of independent Claim 1. As an example, the proposed *Thyagaraja-Mello-Tseng* combination fails to disclose, teach, or suggest **calculating an interest of each of the associated types of received notifications for the user based at least in part on… <u>times at which previous push notifications were sent to the user, and one or more communication media channels that the user used to interact with the previous push notifications</u>, determining <u>a push threshold ranking that a notification in the received push notifications requires to satisfy in order to be sent to the user at a given time period</u>**, and that **each of the sent push notifications is <u>sent through a particular communication media channel by which the user is likely to interact with the notification during the given time period</u> based on the previous interactions of the user**, as recited by amended independent Claim 1. None of the cited references—taken individually or in combination—disclose at least the above-recited limitations of amended Claim 1.

For at least these reasons, independent Claims 1, 19, and 20 are allowable over the proposed *Thyagaraja-Mello-Tseng* combination. Applicant respectfully requests the Examiner to allow independent Claims 1, 19, and 20 and all their dependent claims.

**Claim 9 is Allowable over the Proposed Thyagaraja-Mello-Tseng-Kapur Combination**

The Examiner rejects dependent Claim 9 under 35 U.S.C. § 103(a) as being unpatentable over *Thyagaraja*, *Mello*, and *Tseng*, and further in view of U.S. Patent Application Publication No. 2014/0081977 ("*Kapur*"). Applicant respectfully disagrees with the Examiner.

As discussed previously, independent Claim 1 and all their dependent claims, are allowable over the *Thyagaraja-Mello-Tseng* combination. *Kapur* does not make up for the deficiencies of *Thyagaraja*, *Mello*, or *Tseng*, and the Examiner does not assert otherwise.

For at least these reasons, dependent Claim 9 is allowable over the proposed *Thyagaraja-Mello-Tseng-Kapur* combination. Applicant respectfully requests the Examiner to reconsider and allow this dependent claim.

### *Claims 15 is Allowable over the Proposed Thyagaraja-Mello-Tseng-Agarwal Combination*

The Examiner rejects dependent Claim 15 under 35 U.S.C. § 103(a) as being unpatentable over *Thyagaraja*, *Mello*, and *Tseng*, and further in view of U.S. Patent No. 9,391,947 ("*Agarwal*"). Applicant respectfully disagrees with the Examiner.

As discussed previously, independent Claim 1 and all their dependent claims, are allowable over the *Thyagaraja-Mello-Tseng* combination. *Agarwal* does not make up for the deficiencies of *Thyagaraja*, *Mello*, or *Tseng*, and the Examiner does not assert otherwise.

For at least these reasons, dependent Claim 15 is allowable over the proposed *Thyagaraja-Mello-Tseng-Agarwal* combination. Applicant respectfully requests the Examiner to reconsider and allow this dependent claim.

### *Claims 16 and 17 are Allowable over the Proposed Thyagaraja-Mello-Tseng-Novikov Combination*

The Examiner rejects dependent Claims 16 and 17 under 35 U.S.C. § 103(a) as being unpatentable over *Thyagaraja*, *Mello*, and *Tseng*, and further in view of U.S. Patent Application Publication No. 2011/0153412 ("*Novikov*"). Applicant respectfully disagrees with the Examiner.

As discussed previously, independent Claim 1 and all their dependent claims, are allowable over the *Thyagaraja-Mello-Tseng* combination. *Novikov* does not make up for the deficiencies of *Thyagaraja*, *Mello*, or *Tseng*, and the Examiner does not assert otherwise.

For at least these reasons, dependent Claims 16 and 17 are allowable over the proposed *Thyagaraja-Mello-Tseng-Novikov* combination. Applicant respectfully requests the Examiner to reconsider and allow these dependent claims.

| ATTORNEY DOCKET | PATENT APPLICATION |
|---|---|
| 079894.2820 | 14/923,330 |

## Conclusion

For at least the foregoing reasons, Applicant respectfully requests the Examiner to allow this Application.

If a telephone conference would advance prosecution of this Application the Examiner may contact Bradley Williams, Attorney for Applicant, at 214.953.6447. The Examiner may also communicate with Bradley Williams concerning this Application by electronic mail at brad.williams@bakerbotts.com.

Please charge $1300.00 for the RCE filed herewith to Deposit Account No. 02-0384 of Baker Botts L.L.P. Please charge any fee due and credit any overpayment for this Application to Deposit Account No. 02-0384 of Baker Botts L.L.P.

Respectfully submitted,

BAKER BOTTS L.L.P.

Attorneys for Applicant

/Bradley Williams/

Bradley Williams

Reg. No. 40,227

Date: 26 March 2019