COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)
LOWELL MEAD (223989)
(lmead@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:    (650) 849-7400

COOLEY LLP
EMILY TERRELL (234353)
(eterrell@cooley.com)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:  (202) 842-7800
Facsimile:  (202) 842-7899

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC.,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No.  2:20-cv-10753<br><br>**FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant Facebook, Inc. ("Facebook") hereby files its answer and defenses ("Answer") to the Complaint filed on November 25, 2020 by Plaintiff Palo Alto Research Center Inc. ("PARC"). The paragraphs below correspond to the same-numbered paragraphs in the Complaint. In responding to the Complaint, Facebook has kept PARC's headings for ease of reference, but in so doing, Facebook is not admitting to the accuracy of any statements made or agreeing with any characterizations made in

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

such headings. Facebook denies all allegations in the Complaint whether express or implied, that are not specifically admitted below. Facebook further denies that PARC is entitled to the relief requested in the Complaint, or to any other relief.

## SUMMARY OF THE ACTION

1.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook denies that it requires a license for any of PARC's patents. Facebook denies the remaining allegations of paragraph 1.

2.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies them.

3.     Facebook denies the allegations set forth in paragraph 3.

4.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4, and therefore denies them. Facebook denies that it has committed any act of infringement. Facebook denies that it requires a license for any of PARC's patents. Facebook denies the remaining allegations of paragraph 4.

## THE PARTIES

**I.     PARC**

5.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and therefore denies them.

6.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and therefore denies them.

7.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and therefore denies them.

**II.     DEFENDANT**

8.     Facebook admits that it is a Delaware corporation and has a principal place of business at 1601 Willow Road, Menlo Park, California 94025. Facebook admits that

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

WhatsApp LLC and Instagram LLC are wholly-owned subsidiaries of Facebook. Facebook admits that Facebook operates the Facebook and Instagram services in the United States. Except as expressly admitted, Facebook denies the remaining allegations of paragraph 8.

9. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook denies the remaining allegations of paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook admits that the Complaint purports to be an action for patent infringement arising under 35 U.S.C. §§ 1, *et seq*. Facebook admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. For purposes of this action only, Facebook does not contest that venue is proper. Facebook denies the remaining allegations of paragraph 10.

11. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook denies the remaining allegations of paragraph 11.

12. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook denies the remaining allegations of paragraph 12.

13. Facebook admits that it has offices at 12777 West Jefferson Boulevard, Los Angeles, California 90066 and 8500 Balboa Boulevard, Northridge, California 91235, and those offices are listed on a Facebook website. Facebook admits that it has employees in the Central District of California and elsewhere in the State of California.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

Facebook further admits that it has offices at at 12105 and 12126 W. Waterfront Drive. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 13.

14.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. For purposes of this action only, Facebook does not contest personal jurisdiction. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 14.

15.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it has offices and employees in the Central District of California and elsewhere in the State of California. Facebook admits that it conducts business through its websites and software applications which are made available in the State of California, including in this judicial district. For purposes of this action only, Facebook does not contest personal jurisdiction. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 15.

16.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. For purposes of this action only, Facebook does not contest personal jurisdiction. For purposes of this action only, Facebook does not contest that venue is proper. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 16.

17.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it has offices and employees in Los Angeles, California and elsewhere in the State of California. Facebook admits that it conducts business through its websites and software

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1    applications which are made available in the State of California, including in this

2    judicial district. For purposes of this action only, Facebook does not contest personal

3    jurisdiction. To the extent any further response is required, Facebook denies the

4    remaining allegations of paragraph 17.

5         18.    The allegations of this paragraph state a legal conclusion to which no

6    response is required. To the extent a response is deemed required, for purposes of this

7    action only, Facebook does not contest that venue is proper. Facebook is without

8    knowledge or information sufficient to form a belief as to the truth of the remaining

9    allegations in paragraph 18, and therefore denies them.

10                          **FACTUAL BACKGROUND**

11        19.    Facebook is without knowledge or information sufficient to form a belief

12   as to the truth of the allegations set forth in paragraph 19, and therefore denies them.

13        20.    Facebook is without knowledge or information sufficient to form a belief

14   as to the truth of the allegations set forth in paragraph 20, and therefore denies them.

15        21.    Facebook is without knowledge or information sufficient to form a belief

16   as to the truth of the allegations set forth in paragraph 21, and therefore denies them.

17        22.    Facebook admits that it presently generates substantially all of its revenue

18   from selling advertising placements to marketers. The remaining allegations in this

19   paragraph appear to contain PARC's summary or characterization of the contents of the

20   article cited at footnote 12. To the extent the article or PARC's allegations based on the

21   article contain incomplete or incorrect information, Facebook denies these allegations.

22   Facebook denies the remaining allegations of paragraph 22.

23        23.    Facebook admits that as reported in the Facebook, Inc. Form 10-K for

24   fiscal year ended December 31, 2020, its daily active users (DAUs) were 1.84 billion

25   on average for December 2020. The allegations in this paragraph appear to contain

26   PARC's summary or characterization of the contents of the article cited at footnote 12.

27   To the extent the article or PARC's allegations based on the article contain incomplete

28   or incorrect information, Facebook denies these allegations. Facebook denies the

Cooley LLP
Attorneys At Law
Palo Alto

5.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1    remaining allegations of paragraph 23.

2        24.    Facebook admits that as reported in the Facebook, Inc. Form 10-K for

3    fiscal year ended December 31, 2020, its revenue was up 22% year-over-year and its

4    advertising revenue was up 21% year-over-year. Facebook admits that as reported in

5    the Facebook, Inc. Form 10-K for fiscal year ended December 31, 2019, its advertising

6    revenue was $69.66 billion, which constituted 98% of total revenue. The allegations in

7    this paragraph appear to contain PARC's summary or characterization of the contents

8    of the article cited at footnote 12. To the extent the article or PARC's allegations based

9    on the article contain incomplete or incorrect information, Facebook denies these

10   allegations. Facebook denies the remaining allegations of paragraph 24.

11       25.    The allegations in this paragraph state a legal conclusion to which no

12   response is required. To the extent a response is deemed to be required, Facebook denies

13   that it committed any act of infringement. Facebook denies that it requires a license for

14   any of PARC's patents. Facebook denies the remaining allegations of paragraph 25.

15                        **FIRST CLAIM FOR RELIEF**

16              **INFRINGEMENT OF U.S. PATENT NO. 8,489,599**

17       26.    Facebook incorporates by reference its responses to paragraphs 1 through

18   25 above.

19       27.    The allegations in this paragraph state a legal conclusion to which no

20   response is required. To the extent a response is deemed to be required, Facebook denies

21   the validity and enforceability of the '599 patent.

22       28.    Facebook is without knowledge or information sufficient to form a belief

23   as to the truth of the allegations in paragraph 28, and therefore denies them.

24       29.    Facebook admits that Exhibit A attached to the Complaint appears to be a

25   copy of the '599 patent.

26                            **The '599 Patent**

27       30.    The '599 patent speaks for itself. To the extent PARC's allegations seek to

28   define or characterize the scope of the '599 patent, PARC's allegations state legal

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 30.

31.   Facebook admits that paragraph 31 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 31.

32.   Facebook admits that paragraph 32 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 32.

33.   Facebook admits that paragraph 33 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 33.

34.   Facebook admits that paragraph 34 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 34.

35.   Facebook admits that paragraph 35 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 35.

36.   Facebook admits that paragraph 36 includes a reproduction of a figure

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

from the '599 patent as well as partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 36.

37.    Facebook admits that paragraph 37 includes partial quotations from the '599 patent. The '599 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '599 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 37.

### '599 Patent Allegations

38.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it offers a variety of advertising tools, including "Audiences" which may include detailed targeting options such as location (*e.g.*, county, region or city), device type, or other demographics. Facebook admits that certain quotations included in paragraph 38 appear on the cited Facebook business help pages. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 38.

39.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 39.

Cooley LLP
Attorneys At Law
Palo Alto

8.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

40.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 40.

41.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 41.

42.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 42.

43.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 43.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

44.     Facebook denies the allegations set forth in paragraph 44.

45.     Facebook denies the allegations set forth in paragraph 45.

46.     Facebook admits that the Complaint was the first time Facebook was notified of the '599 patent by PARC. To the extent any further response is required, Facebook denies the remaining allegations set forth in paragraph 46.

47.     Facebook denies the allegations set forth in paragraph 47.

48.     Facebook admits that it provides information regarding product features including at the Facebook business help and news pages cited in this paragraph. Facebook denies the remaining allegations of paragraph 48.

49.     Facebook denies the allegations set forth in paragraph 49.

50.     Facebook denies the allegations set forth in paragraph 50.

51.     Facebook denies the allegations set forth in paragraph 51.

52.     Facebook denies the allegations set forth in paragraph 52.

53.     Facebook denies the allegations set forth in paragraph 53.

54.     Facebook denies the allegations set forth in paragraph 54.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 9,208,439

55.     Facebook incorporates by reference its responses to paragraphs 1 through 54 above.

56.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies the validity and enforceability of the '439 patent.

57.     Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore denies them.

58.     Facebook admits that Exhibit B attached to the Complaint appears to be a copy of the '439 patent.

Cooley LLP
Attorneys At Law
Palo Alto

10.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

**The '439 Patent**

59.    The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 59.

60.    Facebook admits that paragraph 60 includes partial quotations from the '439 patent. The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 60.

61.    Facebook admits that paragraph 61 includes partial quotations from the '439 patent. The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 61.

62.    Facebook admits that paragraph 62 includes partial quotations from the '439 patent. The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 62.

63.    Facebook admits that paragraph 63 includes partial quotations from the '439 patent. The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 63.

64.    Facebook admits that paragraph 64 includes partial quotations from the '439 patent. The '439 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '439 patent, PARC's allegations state legal

Cooley LLP
Attorneys At Law
Palo Alto

11.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 64.

### '439 Patent Allegations

65.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it offers a variety of advertising tools, including "Audiences" which may include detailed targeting options such as location (*e.g.*, county, region or city), device type, or other demographics. Facebook admits that certain quotations included in paragraph 65 appear on the cited Facebook business help pages. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 65.

66.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 66.

67.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages and articles, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 67.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

68.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 68.

69.     Facebook denies the allegations set forth in paragraph 69.

70.     Facebook denies the allegations set forth in paragraph 70.

71.     Facebook admits that the Complaint was the first time Facebook was notified of the '439 patent by PARC.  To the extent any further response is required, Facebook denies the remaining allegations set forth in paragraph 71.

72.     Facebook denies the allegations set forth in paragraph 72.

73.     Facebook admits that it provides information regarding product features including at the Facebook business help pages cited in this paragraph. Facebook admits that the cited conference paper is available at Facebook's research.fb.com website. Facebook denies the remaining allegations of paragraph 73.

74.     Facebook denies the allegations set forth in paragraph 74.

75.     Facebook denies the allegations set forth in paragraph 75.

76.     Facebook denies the allegations set forth in paragraph 76.

77.     Facebook denies the allegations set forth in paragraph 77.

78.     Facebook denies the allegations set forth in paragraph 78.

79.     Facebook denies the allegations set forth in paragraph 79.

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 9,137,190

80.     Facebook incorporates by reference its responses to paragraphs 1 through 79 above.

Cooley LLP
Attorneys At Law
Palo Alto

13.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

81. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies the validity and enforceability of the '190 patent.

82. Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies them.

83. Facebook admits that Exhibit C attached to the Complaint appears to be a copy of the '190 patent.

## The '190 Patent

84. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 84.

85. Facebook admits that paragraph 85 includes partial quotations from the '190 patent. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 85.

86. Facebook admits that paragraph 86 includes partial quotations from the '190 patent. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 86.

87. Facebook admits that paragraph 87 includes partial quotations from the '190 patent. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 87.

Cooley LLP
Attorneys At Law
Palo Alto

14.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

88.     Facebook admits that paragraph 88 includes partial quotations from the '190 patent. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 88.

89.     Facebook admits that paragraph 89 includes partial quotations from the '190 patent. The '190 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '190 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 89.

## **'190 Patent Allegations**

90.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it offers options for various notifications, or updates about Facebook activity. Facebook offers various notification options for members of Facebook groups and followers of Facebook Pages. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent a response is required, Facebook denies the remaining allegations of paragraph 90.

91.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 91.

92.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies

Cooley LLP
Attorneys At Law
Palo Alto

15.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

1  that it committed any act of infringement.  To the extent the allegations set forth in this

2  paragraph purport to summarize or characterize the contents of the cited Facebook help

3  pages, the cited Facebook pages speak for themselves. To the extent any further

4  response is required, Facebook denies the remaining allegations of paragraph 92.

5       93.    The allegations in this paragraph state a legal conclusion to which no

6  response is required. To the extent a response is deemed to be required, Facebook denies

7  that it committed any act of infringement.  To the extent the allegations set forth in this

8  paragraph purport to summarize or characterize the contents of the cited Facebook help

9  pages, the cited Facebook pages speak for themselves. To the extent any further

10  response is required, Facebook denies the remaining allegations of paragraph 93.

11       94.    The allegations in this paragraph state a legal conclusion to which no

12  response is required. To the extent a response is deemed to be required, Facebook denies

13  that it committed any act of infringement.  To the extent the allegations set forth in this

14  paragraph purport to summarize or characterize the contents of the cited Facebook help

15  pages, the cited Facebook pages speak for themselves. To the extent any further

16  response is required, Facebook denies the remaining allegations of paragraph 94.

17       95.    The allegations in this paragraph state a legal conclusion to which no

18  response is required. To the extent a response is deemed to be required, Facebook denies

19  that it committed any act of infringement.  To the extent the allegations set forth in this

20  paragraph purport to summarize or characterize the contents of the cited Facebook help

21  pages, the cited Facebook pages speak for themselves. To the extent any further

22  response is required, Facebook denies the remaining allegations of paragraph 95.

23       96.    The allegations in this paragraph state a legal conclusion to which no

24  response is required. To the extent a response is deemed to be required, Facebook denies

25  that it committed any act of infringement.  To the extent the allegations set forth in this

26  paragraph purport to summarize or characterize the contents of the cited Facebook help

27  pages, the cited Facebook pages speak for themselves. To the extent any further

28  response is required, Facebook denies the remaining allegations of paragraph 96.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

97.     The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.   Facebook admits that certain of its applications run on computers, such as servers or clusters of servers. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 97.

98.     Facebook denies the allegations set forth in paragraph 98.

99.     Facebook denies the allegations set forth in paragraph 99.

100.    Facebook admits that the Complaint was the first time Facebook was notified of the '190 patent by PARC.   To the extent any further response is required, Facebook denies the remaining allegations set forth in paragraph 100.

101.    Facebook denies the allegations set forth in paragraph 101.

102.    Facebook admits that it provides information regarding product features including at the Facebook help and engineering pages cited in this paragraph. Facebook denies the remaining allegations of paragraph 102.

103.    Facebook denies the allegations set forth in paragraph 103.

104.    Facebook denies the allegations set forth in paragraph 104.

105.    Facebook denies the allegations set forth in paragraph 105.

106.    Facebook denies the allegations set forth in paragraph 106.

107.    Facebook denies the allegations set forth in paragraph 107.

108.    Facebook denies the allegations set forth in paragraph 108.

109.    Facebook denies the allegations set forth in paragraph 109.

## <u>FOURTH CLAIM FOR RELIEF</u>

### <u>INFRINGEMENT OF U.S. PATENT NO. 8,732,584</u>

110.    Facebook incorporates by reference its responses to paragraphs 1 through 109 above.

111.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1    the validity and enforceability of the '584 patent.

2        112.    Facebook is without knowledge or information sufficient to form a belief

3    as to the truth of the allegations in paragraph 112, and therefore denies them.

4        113.    Facebook admits that Exhibit D attached to the Complaint appears to be a

5    copy of the '584 patent.

6                            **The '584 Patent**

7        114.    The '584 patent speaks for itself. To the extent PARC's allegations seek to

8    define or characterize the scope of the '584 patent, PARC's allegations state legal

9    conclusions to which no response is required. To the extent a response is deemed

10   required, Facebook denies the allegations set forth in paragraph 114.

11       115.    Facebook admits that paragraph 115 includes partial quotations from the

12   '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to

13   define or characterize the scope of the '584 patent, PARC's allegations state legal

14   conclusions to which no response is required. To the extent a response is deemed

15   required, Facebook denies the allegations set forth in paragraph 115.

16       116.    Facebook admits that paragraph 116 includes partial quotations from the

17   '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to

18   define or characterize the scope of the '584 patent, PARC's allegations state legal

19   conclusions to which no response is required. To the extent a response is deemed

20   required, Facebook denies the allegations set forth in paragraph 116.

21       117.    Facebook admits that paragraph 117 includes partial quotations from the

22   '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to

23   define or characterize the scope of the '584 patent, PARC's allegations state legal

24   conclusions to which no response is required. To the extent a response is deemed

25   required, Facebook denies the allegations set forth in paragraph 117.

26       118.    Facebook admits that paragraph 118 includes partial quotations from the

27   '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to

28   define or characterize the scope of the '584 patent, PARC's allegations state legal

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

18.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 118.

119.   Facebook admits that paragraph 119 includes partial quotations from the '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '584 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 119.

120.   Facebook admits that paragraph 120 includes partial summarizations of material from the '584 patent. The '584 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '584 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 120.

### '584 Patent Allegations

121.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits it offers a "Most Relevant" comments feature. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent a response is required, Facebook denies the remaining allegations of paragraph 121.

122.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook engineering and help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 122.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

19.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

123.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 123.

124.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 124.

125.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 125.

126.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 126.

127.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies the allegations set forth in paragraph 127.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

128.   Facebook denies the allegations set forth in paragraph 128.

129.   Facebook admits that the Complaint was the first time Facebook was notified of the '584 patent by PARC.  To the extent any further response is required, Facebook denies the remaining allegations set forth in paragraph 129.

130.   Facebook denies the allegations set forth in paragraph 130.

131.   Facebook admits that it provides information regarding product features including at the Facebook help and engineering pages cited in this paragraph. Facebook denies the remaining allegations of paragraph 131.

132.   Facebook denies the allegations set forth in paragraph 132.

133.   Facebook denies the allegations set forth in paragraph 133.

134.   Facebook denies the allegations set forth in paragraph 134.

135.   Facebook denies the allegations set forth in paragraph 135.

136.   Facebook denies the allegations set forth in paragraph 136.

137.   Facebook denies the allegations set forth in paragraph 137.

138.   Facebook denies the allegations set forth in paragraph 138.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,043,475

139.   Facebook incorporates by reference its responses to paragraphs 1 through 138 above.

140.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Facebook denies the validity and enforceability of the '475 patent.

141.   Facebook is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore denies them.

142.   Facebook admits that Exhibit E attached to the Complaint appear to be a copy of the '475 patent.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1

**The '475 Patent**

2      143.   Facebook admits that paragraph 143 includes partial quotations from the

3   '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

4   define or characterize the scope of the '475 patent, PARC's allegations state legal

5   conclusions to which no response is required. To the extent a response is deemed

6   required, Facebook denies the allegations set forth in paragraph 143.

7      144.   Facebook admits that paragraph 144 includes partial quotations from the

8   '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

9   define or characterize the scope of the '475 patent, PARC's allegations state legal

10  conclusions to which no response is required. To the extent a response is deemed

11  required, Facebook denies the allegations set forth in paragraph 144.

12     145.   Facebook admits that paragraph 145 includes partial quotations from the

13  '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

14  define or characterize the scope of the '475 patent, PARC's allegations state legal

15  conclusions to which no response is required. To the extent a response is deemed

16  required, Facebook denies the allegations set forth in paragraph 145.

17     146.   Facebook admits that paragraph 146 includes partial quotations from the

18  '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

19  define or characterize the scope of the '475 patent, PARC's allegations state legal

20  conclusions to which no response is required. To the extent a response is deemed

21  required, Facebook denies the allegations set forth in paragraph 146.

22     147.   Facebook admits that paragraph 147 includes partial quotations from the

23  '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

24  define or characterize the scope of the '475 patent, PARC's allegations state legal

25  conclusions to which no response is required. To the extent a response is deemed

26  required, Facebook denies the allegations set forth in paragraph 147.

27     148.   Facebook admits that paragraph 148 includes partial quotations from the

28  '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1   define or characterize the scope of the '475 patent, PARC's allegations state legal
2   conclusions to which no response is required. To the extent a response is deemed
3   required, Facebook denies the allegations set forth in paragraph 148.

4       149.   Facebook admits that paragraph 149 includes partial quotations from the
5   '475 patent. The '475 patent speaks for itself. To the extent PARC's allegations seek to
6   define or characterize the scope of the '475 patent, PARC's allegations state legal
7   conclusions to which no response is required. To the extent a response is deemed
8   required, Facebook denies the allegations set forth in paragraph 149.

9                                   **'475 Patent Allegations**

10      150.   The allegations in this paragraph state a legal conclusion to which no
11  response is required. To the extent a response is deemed to be required, Facebook denies
12  that it committed any act of infringement. Facebook admits that it offers a variety of
13  advertising tools, including "Audiences" which may include detailed targeting options
14  such as demographics, interests and behaviors. Facebook admits that its "Audiences"
15  tools include a variety of options such as "Core Audiences," "Custom Audiences," and
16  "Lookalike Audiences."  Facebook admits that certain quotations included in paragraph
17  150 appear on the cited Facebook business help pages. To the extent the allegations set
18  forth in this paragraph purport to summarize or characterize the contents of the cited
19  Facebook business help pages, the cited Facebook pages speak for themselves. To the
20  extent a response is required, Facebook denies the remaining allegations of paragraph
21  150.

22      151.   The allegations in this paragraph state a legal conclusion to which no
23  response is required. To the extent a response is deemed to be required, Facebook denies
24  that it committed any act of infringement.  To the extent the allegations set forth in this
25  paragraph purport to summarize or characterize the contents of the cited Facebook
26  business help pages, the cited Facebook pages speak for themselves. To the extent any
27  further response is required, Facebook denies the remaining allegations of paragraph
28  151.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

23.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

152.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 152.

153.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 153.

154.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 154.

155.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 155.

Cooley LLP
Attorneys At Law
Palo Alto

24.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

156.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 156.

157.   Facebook denies the allegations set forth in paragraph 157.

158.   Facebook denies the allegations set forth in paragraph 158.

159.   Facebook admits that the Complaint was the first time Facebook was notified of the '475 patent by PARC.  To the extent any further response is required, Facebook denies the remaining allegations set forth in paragraph 159.

160.   Facebook denies the allegations set forth in paragraph 160.

161.   Facebook admits that it provides information regarding product features including at the Facebook help, business help, engineering and other pages cited in this paragraph. Facebook denies the remaining allegations of paragraph 161.

162.   Facebook denies the allegations set forth in paragraph 162.

163.   Facebook denies the allegations set forth in paragraph 163.

164.   Facebook denies the allegations set forth in paragraph 164.

165.   Facebook denies the allegations set forth in paragraph 165.

166.   Facebook denies the allegations set forth in paragraph 166.

167.   Facebook denies the allegations set forth in paragraph 167.

## SIXTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,606,781

168.   Facebook incorporates by reference its responses to paragraphs 1 through 167 above.

169.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies

Cooley LLP
Attorneys At Law
Palo Alto

25.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

1  the validity and enforceability of the '781 patent.

2  170.   Facebook is without knowledge or information sufficient to form a belief

3  as to the truth of the allegations in paragraph 170, and therefore denies them.

4  171.   Facebook admits that Exhibit F attached to the Complaint appears to be a

5  copy of the '781 patent.

6  ### The '781 Patent

7  172.   Facebook admits that paragraph 172 includes partial quotations and

8  paraphrased statements about the '781 patent. The '781 patent speaks for itself. To the

9  extent PARC's allegations seek to define or characterize the scope of the '781 patent,

10 PARC's allegations state legal conclusions to which no response is required. To the

11 extent a response is deemed required, Facebook denies the allegations set forth in

12 paragraph 172.

13 173.   Facebook admits that paragraph 173 includes partial quotations from the

14 '781 patent. The '781 patent speaks for itself. To the extent PARC's allegations seek to

15 define or characterize the scope of the '781 patent, PARC's allegations state legal

16 conclusions to which no response is required. To the extent a response is deemed

17 required, Facebook denies the allegations set forth in paragraph 173.

18 174.   Facebook admits that paragraph 174 includes partial quotations from the

19 '781 patent. The '781 patent speaks for itself. To the extent PARC's allegations seek to

20 define or characterize the scope of the '781 patent, PARC's allegations state legal

21 conclusions to which no response is required. To the extent a response is deemed

22 required, Facebook denies the allegations set forth in paragraph 174.

23 175.   Facebook admits that paragraph 175 includes partial quotations from the

24 '781 patent. The '781 patent speaks for itself. To the extent PARC's allegations seek to

25 define or characterize the scope of the '781 patent, PARC's allegations state legal

26 conclusions to which no response is required. To the extent a response is deemed

27 required, Facebook denies the allegations set forth in paragraph 175.

28

Cooley LLP
Attorneys At Law
Palo Alto

26.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

176.   Facebook admits that paragraph 176 includes partial quotations from the '781 patent. The '781 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '781 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 176.

177.   Facebook admits that paragraph 177 includes partial quotations from the '781 patent. The '781 patent speaks for itself. To the extent PARC's allegations seek to define or characterize the scope of the '781 patent, PARC's allegations state legal conclusions to which no response is required. To the extent a response is deemed required, Facebook denies the allegations set forth in paragraph 177.

## **'781 Patent Allegations**

178.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement. Facebook admits that it offers a variety of advertising tools, including "Audiences" which may include detailed targeting options such as demographics, interests and behaviors. Facebook admits that its "Audiences" tools include a variety of options such as "Core Audiences," "Custom Audiences," and "Lookalike Audiences." Facebook admits that certain quotations included in paragraph 178 appear on the cited Facebook business help pages. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. Facebook denies the remaining allegations of paragraph 178 which provide an incomplete, inaccurate and/or misleading description of features and/or functionalities offered by Facebook.

179.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook

Cooley LLP
Attorneys At Law
Palo Alto

27.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 179.

180.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 180.

181.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 181.

182.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook business help pages, the cited Facebook pages speak for themselves. To the extent any further response is required, Facebook denies the remaining allegations of paragraph 182.

183.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Facebook denies that it committed any act of infringement.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the cited Facebook

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1   business help pages, the cited Facebook pages speak for themselves. To the extent any
2   further response is required, Facebook denies the remaining allegations of paragraph
3   183.

4       184.   The allegations in this paragraph state a legal conclusion to which no
5   response is required. To the extent a response is deemed to be required, Facebook denies
6   that it committed any act of infringement.  To the extent the allegations set forth in this
7   paragraph purport to summarize or characterize the contents of the cited Facebook
8   business help pages, the cited Facebook pages speak for themselves. To the extent any
9   further response is required, Facebook denies the remaining allegations of paragraph
10  184.

11      185.   Facebook denies the allegations set forth in paragraph 185.

12      186.   Facebook denies the allegations set forth in paragraph 186.

13      187.   Facebook admits that the Complaint was the first time Facebook was
14  notified of the '781 patent by PARC.  To the extent any further response is required,
15  Facebook denies the remaining allegations set forth in paragraph 187.

16      188.   Facebook denies the allegations set forth in paragraph 188.

17      189.   Facebook admits that it provides information regarding product features
18  including at the Facebook help, business help and other pages cited in this paragraph.
19  Facebook denies the remaining allegations of paragraph 189.

20      190.   Facebook denies the allegations set forth in paragraph 190.

21      191.   Facebook denies the allegations set forth in paragraph 191.

22      192.   Facebook denies the allegations set forth in paragraph 192.

23      193.   Facebook denies the allegations set forth in paragraph 193.

24      194.   Facebook denies the allegations set forth in paragraph 194.

25      195.   Facebook denies the allegations set forth in paragraph 195.

26  / / /
27  / / /
28  / / /

Cooley LLP
Attorneys At Law
Palo Alto

29.

Facebook, Inc.'s Answer To Plaintiff's
Complaint For Patent Infringement
2:20-cv-10753

## SEVENTH CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 7,167,871

196.   Facebook incorporates by reference its responses to paragraphs 1 through 195 above.

197.   By its March 16, 2021 Order granting-in-part Twitter's Motion to Dismiss in Case No. 20-1754 (Dkt No. 43) as to the '871 patent and determining that the '871 patent is invalid, the Court effectively struck the allegations of PARC's Seventh Claim for Relief (Infringement of U.S. Patent No. 7,176,871). Accordingly no response is required to paragraphs 197 through 230 and as such, to the extent any response would be required, the allegations are denied for purposes of this filing.

198.   *See* paragraph 197, above.

199.   *See* paragraph 197, above.

200.   *See* paragraph 197, above.

## The '871 Patent

201.   *See* paragraph 197, above.

202.   *See* paragraph 197, above.

203.   *See* paragraph 197, above.

204.   *See* paragraph 197, above.

205.   *See* paragraph 197, above.

206.   *See* paragraph 197, above.

207.   *See* paragraph 197, above.

208.   *See* paragraph 197, above.

## '871 Patent Allegations

209.   *See* paragraph 197, above.

210.   *See* paragraph 197, above.

211.   *See* paragraph 197, above.

212.   *See* paragraph 197, above.

213.   *See* paragraph 197, above.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

214.   *See* paragraph 197, above.

215.   *See* paragraph 197, above.

216.   *See* paragraph 197, above.

217.   *See* paragraph 197, above.

218.   *See* paragraph 197, above.

219.   *See* paragraph 197, above.

220.   *See* paragraph 197, above.

221.   *See* paragraph 197, above.

222.   *See* paragraph 197, above.

223.   *See* paragraph 197, above.

224.   *See* paragraph 197, above.

225.   *See* paragraph 197, above.

226.   *See* paragraph 197, above.

227.   *See* paragraph 197, above.

228.   *See* paragraph 197, above.

229.   *See* paragraph 197, above.

230.   *See* paragraph 197, above.

## **RESPONSE TO PRAYER FOR RELIEF**

Facebook incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Facebook denies any and all allegations of patent infringement alleged in the Complaint. Facebook denies that PARC is entitled to any relief requested in paragraph nos. 1 through 7 of the Complaint's Prayer for Relief, or any other relief.

## **JURY DEMAND**

Facebook respectfully requests a trial by jury on all issues so triable.

## **DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, Facebook asserts the following defenses to the Complaint

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

and reserves the right to assert additional defenses.

## FIRST DEFENSE – NON-INFRINGEMENT

Facebook does not infringe and has not infringed, literally or under the doctrine of equivalents, and either directly or indirectly, any valid claim of the Patents-in-Suit.

## SECOND DEFENSE – INVALIDITY

One or more claims of the Patents-in-Suit are invalid for failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including but not limited to §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE – EQUITABLE DEFENSES

PARC's claims are barred, in whole or in part, by estoppel, acquiescence, waiver, unclean hands, and/or other equitable defenses.

## FIFTH DEFENSE – NO WILLFULNESS

PARC is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of Facebook, which is prerequisite for a finding of willfulness or an award of enhanced damages.

## SIXTH DEFENSE – LIMITATION ON DAMAGES

PARC's claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

## SEVENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

PARC is barred or limited from recovery, in whole or in part, by the doctrine of prosecution history estoppel.

## EIGHTH DEFENSE – NO INJUNCTIVE RELIEF

PARC's demand to enjoin Facebook is barred, at least because PARC has suffered neither harm nor irreparable harm from Facebook's actions.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

# RESERVATION OF RIGHTS

Facebook hereby reserves the right to amend its Answer and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Facebook prays that this Court enter judgment:

A.    In favor of Facebook, and against PARC, thereby dismissing PARC's Complaint in its entirety, with prejudice, with PARC taking nothing by way of its claims;

B.    That Facebook has not infringed, contributorily infringed, or induced the infringement of any valid claim of the Patent-sin-Suit, under any subsection of 35 U.S.C. § 271;

C.    That all asserted claims of the Patents-in-Suit are invalid and/or unenforceable;

D.    That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering PARC to pay Facebook's reasonable attorneys' fees incurred in this action;

E.    That PARC pay all costs incurred by Facebook in this action; and

F.    Awarding Facebook all other relief that the Court deems just and proper.

Cooley LLP
Attorneys At Law
Palo Alto

33.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753

1
2

Dated: March 30, 2021                    COOLEY LLP

3
4

*/s/ Heidi L. Keefe*

HEIDI L. KEEFE (178960)

5

(hkeefe@cooley.com)

6

MARK R. WEINSTEIN (193043)
(mweinstein@cooley.com)

7

LOWELL D. MEAD (223989)
(lmead@cooley.com)

8

3175 Hanover Street

9

Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

10

Facsimile: (650) 849-7400

11
12

EMILY E. TERRELL (234353)
(eterrell@cooley.com)

13

1299 Pennsylvania Avenue, NW
Suite 700

14

Washington, DC 20004-2400
Telephone: (202) 842-7800

15

Facsimile: (202) 842-7899

16
17

Attorneys for Defendant
Facebook, Inc.

18
19
20
21
22
23
24
25
26
27
28

Cooley LLP
Attorneys At Law
Palo Alto

34.

FACEBOOK, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT
2:20-CV-10753