# EXHIBIT A

Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:    (213) 694-1234

David Sochia (TX SBN 00797470) *(Pro Hac Vice)*
dsochia@McKoolSmith.com
Ashley N. Moore (TX SBN 24074748) *(Pro Hac Vice)*
amoore@McKoolSmith.com
Alexandra F. Easley (TX SBN 24099022) *(Pro Hac Vice)*
aeasley@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley (TX SBN 24075810) *(Pro Hac Vice)*
jquigley@McKoolSmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Plaintiff
PALO ALTO RESEARCH CENTER INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| PALO ALTO RESEARCH CENTER INC., <br><br> Plaintiff. <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No. 2:20-cv-10753 AB(MRWx) <br><br> **PALO ALTO RESEARCH CENTER INC.'S INFRINGEMENT CONTENTIONS** |

Plaintiff Palo Alto Research Center, Inc. ("PARC") hereby makes the following infringement disclosures under its proposed Eastern District of Texas Patent Rules[1] with respect to United States Patent Nos. 8,489,599 ("the '599 patent"), 9,208,439 ("the '439 patent"), 9,137,190 ("the '190 patent"), 8,732,584 ("the '584 patent"), 7,043,475 ("the '475 patent"), and 8,606,781 ("the '781 patent") (collectively, "PARC Patents"). PARC's investigation is ongoing and discovery is in its preliminary stages. Accordingly, these disclosures are based on information available to PARC at this time. PARC reserves the right to supplement this disclosure after further discovery from the Defendant and non-parties, particularly documents and other discovery regarding the Defendant's accused devices. PARC also reserves the right to assert additional claims of the PARC Patents, accuse different products, or find alternative literal and/or equivalent infringing elements in Defendant's products.

## I. DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PURSUANT TO PATENT LOCAL RULE 3-1

### A. ASSERTED CLAIMS

Defendant has infringed and continues to infringe, under one or more of 35 U.S.C. § 271(a) and/or (b), at least the following claims of the PARC patents:

'599 patent:  Claims 1, 4, 6, 7, 9-12, 15, 17-19, 22, 24, 25

'439 patent:  Claims 1-5; 7- 20

'190 patent:  Claims 1-16

'584 patent:  Claims 1, 4, 8, 10, 13, 17

'475 patent:  Claims 1-3, 5, 7, 10-12, 15, 16

'781 patent:  Claims 1-36.

PARC reserves the right to seek leave of court to amend this list of asserted claims if merited by further discovery, the Court's claim construction, or other

---

[1] To the extent the Court adopts the Northern District of California Local Patent Rules, PARC reserves the right to amend these disclosures within a reasonable time to add further information called for in those rules.

1 circumstances. PARC incorporates by reference the allegations contained in PARC's
2 Original Complaint and any amendments or supplements thereto.

### B. ACCUSED FUNCTIONALITIES

PARC is currently aware of the following accused functionalities (and their operation):

Facebook Ads at ads.facebook.com, Ads Manager, Audience Manager, Facebook Analytics, Facebook's Search, Instagram's Search, Facebook's tagging and notification systems, Facebook News Feed, Instagram feed, the Follow/Like/Pages/Groups features, Facebook's relevance features and functionalities, tools, Facebook's "Most Relevant" feature, Facebook API, Instagram API, www.facebook.com; m.facebook.com; mobile.facebook.com; Facebook's mobile applications (e.g., one or more of the following Facebook applications available in the App Store and on Google Play: Facebook, Facebook Lite, Messenger, Messenger Lite, Pages Manager, Facebook Ads Manager, Facebook Analytics, Facebook Business Suite, Local by Facebook, Free Basics by Facebook; Portal from Facebook; Study from Facebook; Workplace by Facebook; Facebook Viewpoints); www.instagram.com; m.instagram.com; Facebook's Instagram mobile applications (e.g., the Instagram app available in the App Store and on Google Play). The infringement contentions cover the functionality described on Facebook- and Instagram-branded websites and applications. The details showing which accused functionalities infringe which asserted claims are found in the attached claim charts. Further discovery may reveal additional infringing products and/or models.

PARC reserves the right to amend this list of accused instrumentalities, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including, but not limited to, the inclusion of newly released products, versions, or any other equivalent devices ascertained through discovery. Further, to the extent any accused infringing products have gone through or will go through name changes, but were or will be used or sold

with the same accused features, earlier corresponding products under different names also are accused.

### C. CLAIM CHARTS

Claim charts identifying where and how every element of every asserted claim of the PARC Patents is found within accused functionalities are attached hereto as Exhibits A–F. PARC reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including, but not limited to, information that is not publicly available or readily discernible without discovery. In an effort to focus the issues, PARC identifies exemplary evidence for each claim limitation. The evidence cited for a particular limitation should be considered in light of the additional evidence cited for the other claim limitations. PARC reserves the right to rely on evidence cited for any particular limitation of an asserted claim for any other limitation asserted for that claim. PARC further reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits attached hereto, pursuant to its proposed Eastern District of Texas Patent Rule 3-6 and/or any other patent rules adopted by the Court.

### D. DIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

Defendant Facebook makes, has made, uses, has used, imports, has imported, offers to sell, has offered to sell, sells and/or has sold the accused functionalities and has directly infringed and continues to directly infringe each of the asserted claims as specified in Exhibits A-F. With respect to the asserted method claims, as further specified in Exhibits A-F, the claimed method is performed by Facebook, when the functionality is activated as part of Defendant's services related to the accused functionalities, as part of design and development activities, testing, customer support, sales, marketing, and/or are otherwise operated by Defendant including for, or on behalf of, users. Facebook directly infringes the asserted method claims because it performs each limitation of the claimed method in the United States.

To the extent it is argued that an entity other than Facebook, such as an internet service provider, customer, or user, performs or satisfies one or more limitations of an asserted claim(s), PARC asserts that Facebook is also liable for direct infringement because it exercises direction and control (e.g., through an agent, contractual relationship, the conditioning of participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishment of the manner or timing of that performance, a joint enterprise, etc.) over the performance of the claimed limitations.

### E.  LITERAL INFRINGEMENT AND DOCTRINE OF EQUIVALENTS

PARC asserts that, under the proper construction of the asserted claims and its claim terms, the limitations of the asserted claims of the PARC Patents are literally present in the Defendant's products or acts accused of infringing the claim, as set forth in the claim charts attached hereto as Exhibits A–F.  PARC contends that any and all elements found not to be literally infringed are infringed under the doctrine of equivalents because the differences between the claimed inventions and the accused instrumentalities, if any, are insubstantial.

PARC's contention is that each limitation is literally met, and necessarily also would be met under the doctrine of equivalents because there are no substantial differences at all between the accused functionalities and the claims, in function, way, or result.  As such, PARC's current description of the function, way, and result for each limitation would be the same as the claim language itself.  If Defendant attempts to argue that there is no infringement literally and also no infringement under doctrine of equivalents and attempt to draw any distinction between the claimed functionality and the accused functionality, then PARC reserves its right to rebut the alleged distinction as a matter of literal infringement and/or as to whether any such distinction is substantial under the doctrine of equivalents.

PARC also contends that Defendant has directly infringed and continues to

directly infringe the asserted claims by making, using, offering for sale, selling, and importing in to the United States the accused instrumentalities as well as has indirectly infringed and continues to indirectly infringe by inducing others (*e.g.*, each other, Defendant's customers, or Defendant's customers' customers) to directly infringe those claims by making, using, offering for sale or selling Defendant's accused functionalities.

PARC reserves the right to amend its Infringement Contentions as to literal infringement or infringement under the doctrine of equivalents in light of new information learned during the course of discovery, the Court's claim construction, and/or as otherwise permitted by the Court.

### F. INDIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

Facebook has induced infringement, and will continue to induce infringement, of the asserted claims of the '599 patent for at least the following reasons. Defendant has had actual notice of the '599 patent at least as of the filing of the Complaint. Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the knowledge or willful blindness that its conduct will induce customers to infringe the '599 patent. Defendant engages in many activities that encourage its customers and each other (direct infringers) to infringe the '599 patent, including (i) advertising and promotion efforts for Facebook Targeted Ads;[2] (ii) the publication of demonstrational videos concerning Facebook Targeted Ads;[3] (iii) the publication of alleged success

---

[2] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.

[3] *See, e.g.,* https://www.facebook.com/business/marketing/facebook; https://www.facebook.com/business/ads.

stories involving customers who have used Facebook Targeted Ad products;[4] (iv) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook Targeted Ads products;[5] (v) advertising and promotion efforts for Facebook News Feed;[6] (vi) the publication of demonstrational videos concerning News Feed;[7] and (vii) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the News Feed.[8]  Through at least these activities (which are also discussed and cited in the attached charts), Defendant specifically intends that its customers directly infringe the '599 patent.

Facebook has induced infringement, and will continue to induce infringement, of the asserted claims of the '439 patent for at least the following reasons.  Defendant has had actual notice of the '439 patent at least as of the filing of the Complaint.  Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the knowledge or willful blindness that its conduct will induce customers to infringe the '439 patent.  Defendant engages in many activities that encourage its customers to infringe the '439 patent, including (i) advertising and promotion efforts for Facebook Targeted Ads;[9] (ii) the publication of demonstrational videos concerning Facebook

---

[4] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE#henryshouseofcoffee.
[5] *See, e.g.,* https://www.facebook.com/business/help/182371508761821?id=176276233019487; https://www.facebook.com/business/help/169249477193317?ref=fbb_ens.
[6] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.
[7] *See, e.g.,* https://www.youtube.com/watch?v=8-Yhpz_SKiQ ("FB 2015 How News Feed Works";
[8] *See, e.g.,* https://www.facebook.com/help/1155510281178725/how-news-feed-works;
[9] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-

7

Targeted Ads;[10] (iii) the publication of alleged success stories involving customers who have used Facebook Targeted Ad products;[11] (iv) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook Targeted Ads products;[12] (v) advertising and promotion efforts for Facebook News Feed;[13] (vi) the publication of demonstrational videos concerning News Feed;[14] and (vii) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the News Feed.[15] Through at least these activities (which are also discussed and cited in the attached charts), Defendant specifically intends that its customers directly infringe the '439 patent.

Facebook has induced infringement, and will continue to induce infringement, of the asserted claims of the '190 patent for at least the following reasons. Defendant has had actual notice of the '190 patent at least as of the filing of the Complaint. Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the

---

ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.
[10] *See, e.g.,* https://www.facebook.com/business/marketing/facebook; https://www.facebook.com/business/ads.
[11] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE#henryshouseofcoffee.
[12] *See, e.g.,* https://www.facebook.com/business/help/182371508761821?id=176276233019487; https://www.facebook.com/business/help/169249477193317?ref=fbb_ens.
[13] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.
[14] *See, e.g.,* https://www.youtube.com/watch?v=8-Yhpz_SKiQ ("FB 2015 How News Feed Works";
[15] *See, e.g.,* https://www.facebook.com/help/1155510281178725/how-news-feed-works;

knowledge or willful blindness that its conduct will induce customers to infringe the '190 patent, including (i) promotion efforts for Facebook News Feed;[16] (ii) the publication of help articles concerning Facebook News Feed;[17] (iii) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook News Feed products;[18] (iv) promotion efforts for Facebook Groups;[19] (v) the publication of help articles containing Facebook's Follow, Like, Pages, and Groups features;[20] (vi) promotion efforts for Facebook Pages;[21] and (vii) the publication both directly and indirectly through its website of tutorial, demonstration and best practices articles concerning the Facebook Follow, Like, Pages, and Groups features.[22] Through at least these activities (which are also discussed and cited in the attached charts), Defendants specifically intend that its customers and each other directly infringe the '190 patent.

Facebook, has induced infringement, and will continue to induce infringement, of the asserted claims of the '475 patent for at least the following reasons. Defendant has had actual notice of the '475 patent at least as of the filing of the Complaint. Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the knowledge or willful blindness that its conduct will induce customers to infringe the

---

[16] *See, e.g.,* https://about.fb.com/news/2021/03/more-control-and-context-in-news-feed/; https://about.fb.com/news/2013/03/a-new-look-for-news-feed/
[17] *See, e.g.,* https://www.facebook.com/help/371675846332829
[18] *See, e.g.*, https://fb.watch/5oM15scMHR/ (video posted to Facebook showing best practices for News Feed); https://fb.watch/5oM4JyC9zg/ (same).
[19] *See, e.g.,* https://www.youtube.com/watch?v=jWMUybibWfY; https://www.youtube.com/watch?v=mQKTNNTCI8g (ads by Facebook promoting Facebook Groups)
[20] https://www.facebook.com/help/1629740080681586; https://www.facebook.com/help/282489752085908?helpref=related;
[21] *See,* e.g., https://www.facebook.com/business/pages;
[22] *See e.g.*, https://www.facebook.com/help/282489752085908?helpref=related; https://www.facebook.com/business/help/134641900522571,

McKOOL SMITH, P.C.

'475 patent, including (i) advertising and promotion efforts for Facebook Targeted Ads;[23] (ii) the publication of demonstrational videos concerning Facebook Targeted Ads;[24] (iii) the publication of alleged success stories involving customers who have used Facebook Targeted Ad products;[25] (iv) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook Targeted Ads products;[26] (v) advertising and promotion efforts for Facebook News Feed;[27] (vi) the publication of demonstrational videos concerning News Feed;[28] and (vii) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the News Feed.[29] Through at least these activities (which are also discussed and cited in the attached charts), Defendant specifically intends that its customers directly infringe the '475 patent.

Facebook, has induced infringement, and will continue to induce infringement, of the asserted claims of the '584 patent for at least the following reasons. Defendant has had actual notice of the '584 patent at least as of the filing of the Complaint. Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide

---

[23] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.

[24] *See, e.g.,* https://www.facebook.com/business/marketing/facebook; https://www.facebook.com/business/ads.

[25] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE#henryshouseofcoffee.

[26] *See, e.g.,* https://www.facebook.com/business/help/182371508761821?id=176276233019487; https://www.facebook.com/business/help/169249477193317?ref=fbb_ens.

[27] *See, e.g.* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtBh1bxQFrEAAYAiAAEgK31_D_BwE.

[28] *See, e.g.,* https://www.youtube.com/watch?v=8-Yhpz_SKiQ ("FB 2015 How News Feed Works";

[29] *See, e.g.,* https://www.facebook.com/help/1155510281178725/how-news-feed-works;

installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the knowledge or willful blindness that its conduct will induce customers to infringe the '584 patent, including (i) promotion efforts for Facebook News Feed;[30] (ii) the publication of help articles concerning Facebook News Feed;[31] (iii) the publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook News Feed;[32] and (iv) the publication of help articles concerning Facebook's Most Relevant feature.[33] Through at least these activities (which are also discussed and cited in the attached charts), Defendants specifically intend that its customers directly infringe the '584 patent.

Facebook has induced infringement, and will continue to induce infringement, of the asserted claims of the '781 patent for at least the following reasons. Defendant has had actual notice of the '781 patent at least as of the filing of the Complaint. Despite Defendant's actual notice of infringement, Defendant continues to make, use, sell, offer to sell, and import into the United States infringing products, and/or provide installation, operational support, and instructions for infringing products, including the Facebook and Instagram websites, web applications and mobile applications, with the knowledge or willful blindness that its conduct will induce customers to infringe the '781 patent. Defendant engages in many activities that encourage its customers (direct infringers) to infringe the '781 patent, including (i) advertising and promotion efforts for Facebook Targeted Ads; (ii) the publication of alleged success stories involving customers who have used Facebook Targeted Ad products;[34] (iii) the

---

[30] *See, e.g.,* https://about.fb.com/news/2021/03/more-control-and-context-in-news-feed/; https://about.fb.com/news/2013/03/a-new-look-for-news-feed/
[31] *See, e.g.,* https://www.facebook.com/help/371675846332829
[32] *See, e.g.,* https://www.facebook.com/business/help/182371508761821?id=176276233019487; https://www.facebook.com/business/help/169249477193317?ref=fbb_ens.
[33] https://www.facebook.com/business/pages ; https://www.facebook.com/help/1494019237530934
[34] *See, e.g.,* https://about.facebook.com/supportsmallbusiness/personalized-ads?utm_source=Google&utm_medium=paid-search&utm_campaign=SPA&utm_content=search&gclid=EAIaIQobChMI54aDk86x8AIVABmtB

McKool Smith, P.C.

publication both directly and indirectly through its website of tutorial, demonstration, and best practices instructional videos concerning the Facebook Targeted Ads products;[35] (iv) promotion efforts for Facebook search;[36] and (v) the publication of help articles concerning Facebook search.[37] Through at least these activities (which are also discussed and cited in the attached charts), Defendant specifically intends that its customers directly infringe the '781 patent.

### G. PRIORITY DATES TO EARLIER APPLICATIONS

U.S. Patent No. 8,489,599 was filed as U.S. Patent Application No. 12/326,457, which was filed on December 2, 2008. Each of the asserted claims of the '599 patent is entitled to at least the priority date of December 2, 2008.

U.S. Patent No. 9,208,439 was filed as U.S. Patent Application No. 13/873,061, which was filed on April 29, 2013. Each of the asserted claims of the '439 patent is entitled to at least the priority date of April 29, 2013.

U.S. Patent 9,137,190 was filed as U.S. Patent Application No. 13/959,560, which was filed on August 5, 2013, and is a continuation of U.S. Patent Application No. 12/699,791, now U.S. Patent No. 8,504,626, which was filed on February 3, 2010. Each of the asserted claims of the '190 patent is entitled to at least the priority date of February 3, 2010.

U.S. Patent No. 8,732,584 was filed as U.S. Patent Application No. 12/942,771, which was filed on November 9, 2010. Each of the asserted claims of the '584 patent is entitled to at least the priority date of November 9, 2010.

U.S. Patent No. 7,043,475 was filed as U.S. Patent Application No. 10/248,136, which was filed on December 19, 2002. Each of the asserted claims of

---

h1bxQFrEAAYAiAAEgK31_D_BwE#henryshouseofcoffee.

[35] *See, e.g.,* https://www.facebook.com/business/help/182371508761821?id=176276233019487; https://www.facebook.com/business/help/169249477193317?ref=fbb_ens.

[36] *See, e.g.,* https://www.youtube.com/watch?v=c-E3cfPHjeY (Facebook's published press conference and public unveiling of Facebook Search); https://www.youtube.com/watch?v=U94DTrjAvuA (Interview with Mark Zuckerberg explaining Facebook Search);

[37] *See, e.g.,* https://www.facebook.com/help/103764609715185

1   the '475 patent is entitled to at least the priority date of December 19, 2002.

2   U.S. Patent No. 8,606,781 was filed as U.S. Patent Application No. 11/200,557, which was filed on August 9, 2005, and claims priority to U.S. Provisional Application No. 60/676,462, which was filed on April 29, 2005. Each of the asserted claims of the '781 patent is entitled to at least the priority date of April 29, 2005.

For each asserted claim of each of the PARC Patents, PARC reserves the right to establish an earlier date of invention based upon actions related to conception and reduction to practice of the claimed inventions.

### H. PARC'S OWN PRODUCTS

PARC is continuing to investigate what products and/or historical products may practice the claimed inventions. At this time PARC has not identified any public practicing products, but reserves the right to rely on the assertion that products practice and/or have practiced each of the asserted claims of the asserted patents if the circumstances so merit. In addition, PARC has identified mail2tag, which was an internal name used by PARC for an internal research project related to the '190 patent.

PARC's investigation is ongoing, and PARC may supplement these contentions following its investigation (and claim construction as necessary).

## II. PRODUCTION OF DOCUMENTS

PARC is producing or making available for inspection documents that are in PARC's possession, custody, or control. A Production Index identifying these documents is below.

This preliminary identification of documents is for convenience and is not an admission that each document falls within any exemplary categories, or that any document qualifies as prior art. PARC reserves its right to add to, delete from, or otherwise modify its disclosures in this section as its investigation proceeds. Any document identified within one particular category may be relevant to other

categories and/or used by PARC for purposes of showing conception and/or reduction to practice.

Several of these documents have been marked "Highly Confidential –Attorneys Eyes Only" and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

## PRODUCTION INDEX

**Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit:**

None, subject to additional investigation and discovery.

**All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the priority date of the patent in suit identified above (PARC's production includes documents related to mail2tag, which was an internal name used by PARC for an internal research project related to the '190 patent):**

PARC_00001781 – PARC_00003647

**A copy of the file history for each patent in suit:**

PARC_00000001 – PARC_00000190

PARC_00000221 – PARC_00000345

PARC_00000346 - PARC_00000497

PARC_00000523 - PARC_00000629

| PARC_00000668 - PARC_00001281 |
| PARC_00001282 – PARC 00001768 |

DATED: May 11, 2021

Respectfully submitted,

MCKOOL SMITH, P.C.

BY: /s/ *David Sochia*
    David Sochia

Alan P. Block (SBN 143783)
ablock@mckoolsmith.com
**MCKOOL SMITH HENNIGAN, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

David Sochia *(Pro Hac Vice)*
dsochia@McKoolSmith.com
Ashley N. Moore *(Pro Hac Vice)*
amoore@McKoolSmith.com
Alexandra F. Easley *(Pro Hac Vice)*
aeasley@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 500
Dallas, Texas 75201
Telephone (214) 978-4000
Facsimile: (214) 978-4044

James E. Quigley *(Pro Hac Vice)*
jquigley@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 700
Austin,, Texas 7870
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

ATTORNEYS FOR PLAINTIFF
PALO ALTO RESEARCH CENTER INC.

**CERTIFICATE/PROOF OF SERVICE**

I certify that a true and correct copy of the above and foregoing PALO ALTO RESEARCH CENTER INC.'S INFRINGEMENT CONTENTIONS has been served on all counsel of record via electronic mail on May 11, 2021.

BY: /s/ *David Sochia*
David Sochia